**Trung D. Tu, OSB No. 004100**
Senior Deputy City Attorney
**PORTLAND CITY ATTORNEY'S OFFICE**
1221 SW Fourth Ave., Room 430
Portland, Oregon 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
Email: trung.tu@portlandoregon.gov

Of Attorneys for Defendant City of Portland

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **JASON MCGREW**, individually,<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF PORTLAND**; **STATE OF OREGON**; **THE INTERSTATE COMMISSION FOR ADULT OFFENDER SUPERVISION**; **NOAH HARDING**, in his individual capacity; **JONATHAN IANOS**, in his individual capacity; **COLETTE PETERS**, in her individual capacity and as Administrator of the Commission for Adult Offender Supervision; **CHERYL NELSON**, in her individual capacity; and **JOCELYN K. JOHNSON**, in her individual capacity,<br><br>Defendants. | Case No. 3:23-cv-1082<br><br>**NOTICE OF REMOVAL**<br><br>Multnomah County Circuit Court Case No. 23CV28156<br><br>DEMAND FOR JURY TRIAL |

**TO:** **THE CLERK OF THE ABOVE ENTITLED COURT**, as well as **PLAINTIFF JASON MCGREW**, and his attorney of record, **LOUREN OLIVEROS** of Oliveros Law, PLLC

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant City of Portland ("Defendant" or "City") hereby removes to this United States District Court for the District of Oregon, Portland Division ("Federal Court") the state court case now pending in the Circuit Court of the State of Oregon for the County of Multnomah ("State Court"), known as *Jason*

*McGrew v. City of Portland, et al*, MCCC Case No. 23CV28156 ("State Case"). This Notice of Removal is supported by the exhibits attached hereto and the statements made herein.

**A. TIMELINESS OF REMOVAL**

1. As demonstrated from the State Court's Register of Action ("ROA"), a true and accurate copy of which is attached hereto and incorporated herein as Exhibit 1, Plaintiff Jason McGrew ("Plaintiff" or "McGrew") initiated the State Case with the State Court on July 14, 2023.

2. The City was served with Plaintiff's Summons and his Complaint for Civil Rights Violations and for Violations of the Oregon Tort Claims Act for Assault, for Battery, and for Damages with Jury Demand ("Complaint") on July 17, 2023. Attached hereto and incorporated herein as Exhibit 2 and Exhibit 3, respectively, are true and accurate copies of Plaintiff's Summons and Plaintiff's Complaint that were served on the City on July 17, 2023.

3. This Notice of Removal is timely filed with the Federal Court pursuant to 28 U.S.C. § 1446, which provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" *See also* 28 U.S.C. § 1446(b)(2)(B) (stating that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal").

**B. JURISDICTION OF THIS FEDERAL COURT**

1. Plaintiff's Complaint asserts a total of six claims for relief, labeled as "Counts." Count One (Complaint ¶¶ 62-69), Count Five (Complaint ¶¶ 89-97), and Count Six (Complaint ¶¶ 98-103) are all federal claims, brought pursuant to 42 U.S.C. § 1983.

2. The Complaint's other three claims, Count Two (Complaint ¶¶ 70-73), Count Three (Complaint ¶¶ 74-80), and County Four (Complaint ¶¶ 81-88) are all state law claims.

3. This Federal Court has original jurisdiction over Plaintiff's three federal claims pursuant to 28 U.S.C. §§ 1331 and 1441(a), and has supplemental jurisdiction over Plaintiff's three state law claims pursuant to 28 U.S.C. §§ 1367(a) and 1441(c).



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

## C. REMOVAL TO THIS FEDERAL COURT IS PROPER

1. Pursuant to 28 U.S.C. §§ 1441(a) and (c), and 1446(a), removal of the State Case to this Federal Court is appropriate and proper, and venue in this Federal Court is proper.

2. As demonstrated by the State Court's ROA that is attached hereto as Exhibit 1 and mentioned in paragraph A.1 above, none of the other seven named defendants have been served in the State Case. As such, the consent of those seven unserved defendants is not required pursuant to 28 U.S.C. § 1446(b)(2)(A).

3. Pursuant to 28 U.S.C. § 1446(d), a true and accurate copy of this Notice of Removal will be promptly served on Plaintiff and the Clerk of the Court for the State Court.

4. Attached hereto and incorporated herein as Exhibit 4 is a true and accurate copy of Plaintiff's Summons to Defendant Noah Harding. As shown by the State Court's ROA, the documents attached hereto as Exhibits 1-4 are the entirety of all the process, pleadings, orders and other documents that have been filed in the State Case as of the filing of this Notice of Removal.

**WHEREFORE**, Notice of Removal of Plaintiff's action in the Multnomah County Circuit Court to this U.S. District Court for the District of Oregon is hereby given.

DATED: July 25, 2023

PORTLAND CITY ATTORNEY'S OFFICE

By: */s/ Trung D. Tu*
Trung D. Tu, OSB No. 004100
Senior Deputy City Attorney
Email: trung.tu@portlandoregon.gov
Telephone: (503) 823-3057
Of Attorneys for Defendant City of Portland

Skip to Main Content Logout My Account Search Menu Search Civil, Family, Probate and Tax Court Case Records Refine Search Back
Location : All Locations Images Help

# REGISTER OF ACTIONS

## CASE NO. 23CV28156

**Jason McGrew vs City of Portland, State of Oregon, The Interstate Commission for Adult Offender Supervision, Noah Harding, Jonathan Ianosetal.** § § § § §

Case Type: **Tort - General**
Date Filed: **07/14/2023**
Location: **Multnomah**

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **City of Portland** | |
| **Defendant** | **Harding, Noah** | |
| **Defendant** | **Ianos, Jonathan** | |
| **Defendant** | **Johnson, Jocelyn K** | |
| **Defendant** | **Nelson, Cheryl** | |
| **Defendant** | **Peters, Colette** | |
| **Defendant** | **State of Oregon** | |
| **Defendant** | **The Interstate Commission for Adult Offender Supervision** | |
| **Plaintiff** | **McGrew, Jason** | **Louren Oliveros**<br>*Retained*<br>516 310-4954(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

07/14/2023 **Complaint**
*Civil Rights Violations; Not Subject to Mandatory Arbitration*
Created: 07/14/2023 11:18 AM

07/14/2023 **Service**

| | |
|---|---|
| City of Portland | Unserved |
| State of Oregon | Unserved |
| The Interstate Commission for Adult Offender Supervision | Unserved |
| Harding, Noah | Unserved |
| Ianos, Jonathan | Unserved |
| Peters, Colette | Unserved |
| Nelson, Cheryl | Unserved |
| Johnson, Jocelyn K | Unserved |

Created: 07/14/2023 11:18 AM

07/14/2023 **Summons**
Created: 07/17/2023 4:53 PM

07/14/2023 **Summons**
Created: 07/17/2023 4:53 PM

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** McGrew, Jason | | | |
| | Total Financial Assessment | | | 594.00 |
| | Total Payments and Credits | | | 594.00 |
| | **Balance Due as of 07/24/2023** | | | **0.00** |
| 07/14/2023 | Transaction Assessment | | | 594.00 |
| 07/14/2023 | xWeb Accessed eFile | Receipt # 2023-456608 | McGrew, Jason | (594.00) |

**Exhibit 1, page 1 of 1**

RECVD - CITY ATTY - 7/17/23

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

**JASON MCGREW,** Individually,

Plaintiff,

v.

CITY OF PORTLAND, STATE OF OREGON, THE INTERSTATE COMMISSION FOR ADULT OFFENDER SUPERVISION, NOAH HARDING, in his individual capacity, JONATHAN IANOS, in his individual capacity, COLETTE PETERS, in her individual capacity and as Administrator of the Commission for Adult Offender Supervision, CHERYL NELSON, in her individual capacity, and JOCELYN K. JOHNSON, in her individual capacity,

Defendants.

Case No. 23CV28156

SUMMONS

TO: City of Portland
Office of the City Attorney
1221 SW 4th Avenue, Suite 430
Portland, OR 97204

You are hereby required to appear and defend the complaint against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiffs will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT**
**READ THESE PAPERS CAREFULLY!**

Signature of Attorney for Plaintiff
LOUREN OLIVEROS



Oliveros Law, PLLC
Louren Oliveros, OSB No. 155386
50 Charles Lindbergh Blvd., Ste. 205
Uniondale, NY 11553
(516) 310-4954 Phone / (516) 228-8390 Fax
oliveros@trialwarrior.net

| | |
|---|---|
| You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "Answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have any attorney, proof or service upon the plaintiff.<br><br>If you have any questions you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636. http://www.osbar.org | LOUREN OLIVEROS 155386<br>Attorney's Name Bar No.<br><br>OLIVEROS LAW, PLLC<br>50 Charles Lindbergh Blvd., Ste. 205<br>Uniondale, NY 11553<br>516-310-4954<br>oliveros@trialwarrior.net |

STATE OF NEW YORK, (County of Nassau) ss.

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

Attorney of Record for Plaintiff

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

Attorney of Record for Plaintiff



Oliveros Law, PLLC
Louren Oliveros, OSB No. 155386
50 Charles Lindbergh Blvd., Ste. 205
Uniondale, NY 11553
(516) 310-4954 Phone / (516) 228-8390 Fax
oliveros@trialwarrior.net

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| **JASON MCGREW,** Individually,<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF PORTLAND, STATE OF OREGON, THE INTERSTATE COMMISSION FOR ADULT OFFENDER SUPERVISION, NOAH HARDING,** in his individual capacity, **JONATHAN IANOS,** in his individual capacity, **COLETTE PETERS**, in her individual capacity and as Administrator of the Commission for Adult Offender Supervision, **CHERYL NELSON**, in her individual capacity, and **JOCELYN K. JOHNSON**, in her individual capacity,<br><br>Defendants. | Case No. ___________________________<br><br>**COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND FOR VIOLATIONS OF THE OREGON TORT CLAIMS ACT FOR ASSAULT, FOR BATTERY, AND FOR DAMAGES WITH JURY DEMAND. PRAYER AMOUNT: NO LESS THAN $800,000.00**<br><br>AMOUNT OF PRAYER:<br>ORS 21.160(1)(c); $50,000 or more, and less than $1,000,000<br><br>JURY TRIAL REQUESTED – CLAIM NOT SUBJECT TO COURT MANDATORY ARBITRATION |

Plaintiff Jason McGrew, individually and by and through his attorney of record, Louren Oliveros, of Oliveros Law, PLLC brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Oregon Tort Claims Act, and states as follows:

**JURISDICTION AND VENUE**

1.

Plaintiff's claims arise under the Civil Rights Act, as amended, 42 U.S.C. §1983, §1988, *et seq*., and the Oregon Tort Claims Act, O.R.S. § 30.260, *et seq*.

2.

Venue is proper in the Circuit Court of the State of Oregon for the County of Multnomah because the cause of action arose in the County of Multnomah, City of Portland,



Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-228-8390
Email: oliveros@trialwarrior.net

State of Oregon. Plaintiff's claims arise from acts or omissions of Defendants which occurred within the judicial district designated as the Circuit Court for the State of Oregon in Multnomah County.

3.

This Court has jurisdiction over the parties under O.R.S. § 14.060. "Under the Oregon Constitution, circuit courts have subject matter jurisdiction over all actions unless a statute or rule of law divests them of jurisdiction." *See* OR Const., Art VII (Amended), § 2, *State v. Daniel*, 222 Or App 362, 366 (Ct App 2008).

4.

On or about September 30, 2021 and on January 26, 2022 written notice of this claim was provided within the meaning of the Oregon Tort Claims Act, O.R.S. §30.275.

5.

Immunity granted pursuant to the Oregon Tort Claims Act has been waived under O.R.S. §30.320, O.R.S. §30.271, and O.R.S. §30.272 (1969).

6.

The Defendants' acts and omissions were unreasonable, unconstitutional and violated clearly established law.

7.

Plaintiff seeks recovery from the Defendants for the acts or omissions of the Defendants based upon all relevant causes of action as applicable under federal and state law, including all statutory, constitutional, and common law.



Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-228-8390
Email: oliveros@trialwarrior.net

**THE PARTIES**

8.

Plaintiff Jason Alan McGrew is a resident of Multnomah County, Portland, Oregon.

9.

Defendant Jonathan V. Ianos ("Officer Ianos") is, and at all material times was, a law enforcement officer employed by the Portland Police Bureau (referred to as "PPB") and was acting within the course and scope of his duties and employment as a law enforcement officer and under color of state law at all times material.

10.

Defendant Noah Harding ("Officer Harding") is, and at all material times was, a law enforcement officer employed by PPB and was acting within the course and scope of his duties and employment as a law enforcement officer and under color of state law at all times material.

11.

Defendant City of Portland ("City") is a duly organized municipal corporation under Oregon law, and a public body liable for the tortious conduct of its agents and employees, including Officers Ianos and Harding, pursuant to ORS 30.260(4) and 30.265(1).

12.

At all material times, Officers Ianos and Harding were employees of the PPB operating as law enforcement officers, and were acting individually and within the course, scope and duties of said employment. Officers Ianos and Harding are named in their personal and individual capacities.



Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-228-8390
Email: oliveros@trialwarrior.net

13.

Defendant Jocelyn K. Johnson ("PO Johnson") is, and at all material times was, a probation officer employed by the State of Oregon Department of Corrections ("ODOC") and was acting within the course and scope of her duties and employment as a peace officer and under color of state law at all times material.

14.

Defendant Cheryl Nelson ("Supervisor Nelson") is, and at all material times was, a supervising probation officer employed by ODOC and was acting within the course and scope of her duties and employment as a peace officer and under color of state law at all times material.

15.

The Interstate Commission for Adult Offender Supervision ("the Commission") is a body corporate and joint agency of the State of Oregon. The Commission has all responsibilities, powers and duties of the Interstate Compact for Adult Offender Supervision, including the supervision of Plaintiff Jason McGrew, pursuant to O.R.S. §144.600, including the power to sue and be sued.

16.

Defendant Colette Peters, at all material times, was the Director of the Department of Corrections and the Compact Administrator ("Administrator Peters"). As Compact Administrator, Administrator Peters was, at all material times, the individual responsible for the administration and management of the state's supervision and transfer of offenders, including Plaintiff Jason McGrew.



Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-228-8390
Email: oliveros@trialwarrior.net

17.

Defendant State of Oregon ("the State"), acting by and through ODOC, an executive agency of the State of Oregon, operates and manages Oregon's probation system. At all material times, ODOC acted by and through its agents, representatives, and employees, including but not limited to Administrator Peters, Supervisor Nelson and PO Johnson.

## FACTUAL ALLEGATIONS

18.

At all material times, Plaintiff was in a relationship with a woman, Hannah Hinkle ("Hinkle"), who was known to the PPB to have mental health issues, and to break items in her own apartment, located at 4014 SE Cesar Chavez Blvd #25 ("Apartment"), when she was alone.

19.

Between April and August of 2021, the PPB were called to Hinkle's Apartment more than twenty times, primarily when Plaintiff was not present, to respond to unfounded allegations of disturbances. At each encounter, Hinkle "either stated there was nothing wrong, ignored police, or very rudely excused [the PPB] from her apartment." Hinkle also complained to PPB about the false complaints made by her "nosy neighbor," Kayla.

20.

PPB knew or should have known that Hinkle had a mental health condition and a pending court case for which she had been recently arrested on a warrant.

21.

Plaintiff had no domestic violence convictions. PPB also knew plaintiff to be cooperative and helpful during times when Hinkle's mental state caused her extreme distress and anxiety and interfered with her ability to function and communicate.



Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-228-8390
Email: oliveros@trialwarrior.net

22.

The apartment where Ms. Hinkle lived is located in a dated, one-story brick building with very few windows. There is a cement walkway leading to a single step to a small cement porch leading to the back door. Another walkway also leads to a single step and a porch leading to the front door. The police approached the residence at the back door, not the front door.

23.

There were cracked windows at the back door, which were pre-existing for months prior to August of 2021 and not fixed by the property management company. PPB had knowledge of the existing property damage at Hinkle's residence from prior calls to the address.

24.

On August 7, 2021, Officers Ianos and Harding were dispatched to a "domestic disturbance" call at Hinkle's address. A neighbor reported a large white male with a black stick "smashing out" windows and demanding money.

25.

When Officers Ianos and Harding arrived at Hinkle's residence, they went to the back door instead of the front door. Upon their arrival there was no broken glass outside of the residence. Further, there were no broken windows, only windows that were cracked. There was no man with a stick smashing windows. The state of the premises blatantly contradicted the report by the neighbor.

26.

The Officers claimed to hear sounds of a disturbance, but admit those alleged sounds immediately stopped after they banged on the door several times and yelled to loudly announce their presence as police officers.



Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-228-8390
Email: oliveros@trialwarrior.net

27.

After hearing the banging on the door, Hinkle left the room, in a direction away from the back door. Plaintiff did not know where Hinkle went. Plaintiff walked calmly to the door and informed the Officers that the door would not open because it was screwed shut by Hinkle.

28.

The Officers ordered him to open the door despite having the knowledge that Plaintiff could not open the door. Plaintiff offered to open the front door for the officers, but Officer Ianos violently kicked the door in without warning when Plaintiff was unable to immediately comply with their request to open it. The door hit Plaintiff hard as it swung open startling Plaintiff and pushing him back.

29.

The Officers immediately drew and aimed their firearms directly at Plaintiff, and Officers Ianos and Harding ordered Plaintiff to come out with his hands up. Plaintiff was in fear of his life and complied with the orders.

30.

The Officers never told him he was under arrest or read him his Miranda Rights.

31.

Once outside Plaintiff turned around and put his hands behind his back. Officers Ianos and Harding each took one arm. Officer Harding had Plaintiff's left arm and Officer Ianos was on the right. They forced Plaintiff to the ground violently, but noted in their report, "Ultimately, [Plaintiff] got down on his knees" at which point Officer Ianos "holstered [his] OC Spray," which he had also drawn.



Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-228-8390
Email: oliveros@trialwarrior.net

32.

Plaintiff never verbally nor physically threatened Officers Ianos and Harding, and he was not confrontational.

33.

Plaintiff was lying face down on the grass. Officer Harding had Plaintiff's left arm in an arm lock. Officer Harding pinned Plaintiff with his knee on his back. Both Officers were on Plaintiff's back. Plaintiff told the Officers that his arm was going to break two or three times before Harding broke it. Officer Ianos punched Plaintiff multiple times in the face, drew his oleo capsicum ("OC") spray, put it in Plaintiff's mouth and sprayed a stream of OC spray down Plaintiff's throat for a long, sustained spray lasting over three seconds while Plaintiff remained pinned on the ground. Plaintiff could feel his stomach filling up with the OC spray.

34.

Plaintiff, who had a lifetime of pulmonary problems and a history of asthma, was unable to breathe after being sprayed with OC. Plaintiff told the officers that he was unable to breathe several times, but they did nothing to flush the chemical from his body.

35.

Plaintiff was panicked due to his inability to breathe and repeatedly requested to rinse his mouth out to get relief from the severe OC contamination. His requests were denied. He was forced to wait for relief for approximately 20 minutes until the paramedics arrived and flushed his eyes and face.

36.

Officers Ianos and Harding knew or should have known that OC spray must not be sprayed at close range due to the dangerous and toxic nature of the chemical. PPB officers,



Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-228-8390
Email: oliveros@trialwarrior.net

including Officers Ianos and Harding, knew or should have known that OC spray is dangerous and potentially life threatening when administered to a person with a history of asthma like Plaintiff.

37.

Plaintiff was in respiratory distress from the OC spray. Plaintiff also sustained bruises and lacerations on his face from the beating and his left arm was immobile and swollen to the size of a baseball in the area of the break. Plaintiff was in excruciating pain from his injuries and needed immediate medical care.

38.

PPB refused Plaintiff medical care despite his requests and his serious medical needs related to the OC spray inhalation and exposure and his broken arm.

39.

Instead, Officers Ianos and Harding arrested Plaintiff on charges of interference with a peace officer, resisting arrest, coercion – domestic violence, and criminal mischief. The Officers, however, never filed a complaint as they had no probable cause for the charges.

40.

As a result of his wrongful arrest by Officers Ianos and Harding, Plaintiff was booked into the Multnomah County Jail on baseless charges where he was held for four days with no medical care.

41.

Upon his release on August 11, 2021, Plaintiff sought immediate medical treatment for the injuries to his left arm and shoulder at the Providence Emergency Room. He followed up with treatment for his broken arm at OHSU. Plaintiff's arm was immobilized for three months and



Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-228-8390
Email: oliveros@trialwarrior.net

stuck in a crooked position. Plaintiff suffered from limited range of motion, restricted activities, physical injury and pain and suffering in addition to medical treatment and related expenses.

42.

Within the next several months following the assault by Officers Ianos and Harding, Plaintiff suffered tremendous harm and his physical limitations became profound.

43.

On April 8, 2022, Plaintiff's physical condition and inability to exert himself became so dire that he went to the hospital because he was unable to breathe. According to his evaluation, Plaintiff has a new diagnosis of heart failure and he was given a 60% chance to live another year.

44.

Plaintiff's heart condition was caused and/or aggravated by the unconstitutional close-range administration of OC spray by Officer Ianos.

45.

As a result of the above-described injuries, Plaintiff incurred medical expenses, and will sustain future medical expenses, all to his economic damages in the approximate amount of $100,000. This number may change, depending on whether Plaintiff's condition improves, resolves, persists, or worsens.

46.

Immediately following the assault and use of OC spray by the Officers, Plaintiff could not engage in any activity that caused physical exertion. After enjoying 17 years of training and coaching in jiu jitsu and achieving a brown belt, Plaintiff became unable to wrestle. Plaintiff could not roll in jiu jitsu, and he could not walk upstairs, walk around the block, or even simply carry a laundry basket.



Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-495[illegible]
Facsimile 516-228-8390
Email: oliveros@trialwarrior.net

47.

As a result of the assault by Officers Ianos and Harding, Plaintiff lost his business opportunity to be an owner of Checkmat, a Jui Jitsu academy. Plaintiff's life's work and connections created the opportunity to be an owner of Checkmat. Checkmat's grand opening was set for September of 2021 in Gresham inside of Snap Fitness. Due to the assault by the police, potential criminal charges, and the looming probation revocation, the business partners determined that Plaintiff's tarnished image was not good for business and rescinded the 50% ownership interest of the founder's interest in Checkmat. The lost business opportunity resulted in substantial financial losses in an amount to be proven at trial.

48.

Plaintiff further suffered economic harm, humiliation and damage to his professional reputation causing him emotional harm and interfering with his business opportunities, resulting in an estimated loss of income and future income in the approximate amount of $200,000 to be proven at trial.

49.

After the assault, Plaintiff submitted a tort claims notice on September 24, 2021 which the City marked as "Received" on September 30, 2021.

50.

At the time of the assault and battery, Plaintiff was on probation in Oregon through the Interstate Compact for Adult Offender Supervision ("the Compact").



Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-495[illegible]
Facsimile 516-228-8390
Email: oliveros@trialwarrior.net

51.

Just one month before the assault, in July of 2021, Defendants Nelson and Johnson certified and documented that Plaintiff was in compliance with his probation conditions and that he was a candidate for early release.

52.

After Plaintiff filed his tort claims notice, PO Johnson contacted Plaintiff and informed him that Officer Ianos called her and informed her about his complaint against Ianos. In the same conversation, PO Johnson pressured Plaintiff to drop the charges against Officer Ianos.

53.

After Plaintiff refused to drop the action against Officers Ianos and Harding, PO Johnson and Supervisor Nelson immediately retaliated against Plaintiff by threatening to revoke his probation without legitimate reasons to do so and in retaliation for Plaintiff's complaint against Officers Ianos and Harding.

54.

Because Plaintiff was on probation pursuant to the Compact, revocation carried with it severe consequences, including being taken back to the sending state, Kansas.

55.

Within days of Plaintiff filing the tort claims notice, PO Johnson and Supervisor Nelson submitted a Mandatory Report to the sending state of Kansas seeking to have his probation revoked and falsely alleging that Plaintiff violated conditions of his probation.

56.

Administrator Peters, PO Johnson and Supervisor Nelson revoked Plaintiff's probation in Oregon without a hearing, formal charges, or notice and despite that Plaintiff had not violated



Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-495[obscured]
Facsimile 516-228-8390
Email: oliveros@trialwarrior.net

any condition of his probation and had no pending charges from the Officers' August 7, 2021 unconstitutional beating of him.

57.

Approximately one week after his conversation with PO Johnson when she pressured him to waive his constitutional protections and rights, PO Johnson told Plaintiff that, as a condition of probation, Plaintiff could no longer have any contact with his girlfriend, Hannah Hinkle, who suffered from significant mental illnesses and needed his support. PO Johnson did so without a hearing, formal charges or notice to Plaintiff. This condition was unrelated to the original conviction, unlawful and glaringly absent from Plaintiff's existing conditions of release.

58.

In early October, within two weeks of Plaintiff filing the tort claims notice, PO Johnson told Plaintiff that he was no longer being supervised in Oregon and that he was required to report to Kansas by October 15th because Kansas "wanted him back." This taking was done without a hearing, formal charges, or notice.

59.

Plaintiff's probation was revoked without a hearing or any official notice and he was being forced to leave the state and be away from his children and ex-wife who was suffering from stage four cancer due to the acts of Officer Ianos, Administrator Peters, PO Johnson and Supervisor Nelson.

60.

Supervisor Nelson and PO Johnson's retaliation included, but is not limited to, imposing unlawful and unrelated conditions of release upon Plaintiff, certifying and reporting to the



Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-495[illegible]
Facsimile 516-228-8390
Email: oliveros@trialwarrior.net

sending state inaccurate information about the Plaintiff's compliance with probation, and failing to provide Plaintiff with a hearing and notice of the violations he faced.

61.

Administrator Peters, PO Johnson, Supervisor Nelson and Officer Ianos' joint acts and omissions to unjustifiably revoke Plaintiff's probation caused Plaintiff severe emotional, mental and financial harm and damages to be proven at trial.

**COUNT ONE**
**UNCONSTITUTIONAL SEIZURE, EXCESSIVE FORCE, AND WRONGFUL ARREST BY OFFICERS IANOS AND HARDING IN VIOLATION OF 42 U.S.C. §1983**

62.

Plaintiff incorporates by reference as though fully set forth herein, each and every allegation contained in the preceding paragraphs of this Complaint.

63.

Plaintiff Jason McGrew is entitled to be free from unlawful seizure of his person pursuant to the parameters of the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff is also entitled to be safe from undue and unreasonable force.

64.

Officer Ianos' conduct of spraying OC in Plaintiff's face and striking Plaintiff multiple times was unreasonable and unconstitutional under the circumstances.

65.

Officer Harding's conduct of breaking Plaintiff's arm and failing to prevent constitutional harm by Officer Ianos was unreasonable and unconstitutional under the circumstances.



Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-495

Facsimile 516-228-8390
Email: oliveros@trialwarrior.net

66.

Officers Harding and Ianos' conduct was well defined by law and each Defendant knew or should have known that their conduct was not only well below the standard prescribed by law, but unconstitutional.

67.

Officers Ianos and Harding arrested Plaintiff without reasonable suspicion that he committed a crime and without probable cause.

68.

As a result of these Constitutional violations, Plaintiff suffered harm and damages. The extent of damages will be more fully proven at trial.

69.

The City is responsible and liable for the actions and omissions of Officers Ianos and Harding.

**COUNT TWO**
**NEGLIGENCE AGAINST OFFICERS IANOS, HARDING AND THE CITY**

70.

Plaintiff incorporates by reference as though fully set forth herein, each and every allegation contained in the preceding paragraphs of this Complaint.

71.

The acts and omissions of Officers Ianos and Harding entering Hinkle's residence by force, pointing their guns at Plaintiff, arresting him, beating him, spraying OC in his face and mouth, and breaking his arm was reckless and negligent.



Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-495[illegible]
Facsimile 516-228-8390
Email: oliveros@trialwarrior.net

72.

As a result of the above acts by Officers Ianos and Harding, Plaintiff suffered harm, injuries and losses to be proven at trial as set forth above.

73.

The City is responsible and liable for the actions and omissions of Officers Ianos and Harding.

**COUNT THREE**
**ASSAULT AGAINST OFFICERS IANOS, HARDING AND THE CITY**

74.

Plaintiff incorporates by reference as though fully set forth herein, each and every allegation contained in the preceding paragraphs of this Complaint.

75.

Officer Ianos intentionally attempted to do violence to Plaintiff when he repeatedly hit Plaintiff in the head, sprayed OC in his mouth and face, and held him down.

76.

Officer Harding intentionally attempted to do violence to Plaintiff when he held Plaintiff down while Officer Ianos hit him and sprayed OC in his mouth and face, and when he broke Plaintiff's arm.

77.

Officer Ianos and Officer Harding had the present ability to carry into effect their intentional attempt to do violence against Plaintiff.



Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-495

Facsimile 516-228-8390
Email: oliveros@trialwarrior.net

78.

Plaintiff was in fear of imminent harm and probable death as a result of the conduct of Officers Ianos and Harding.

79.

As a result of the above acts by Officers Ianos and Harding, Plaintiff suffered harm, injuries and losses to be proven at trial as set forth above.

80.

The City is responsible and liable for the actions and omissions of Officers Ianos and Harding.

**COUNT FOUR**
**BATTERY AGAINST OFFICERS IANOS, HARDING AND THE CITY**

81.

Plaintiff incorporates by reference as though fully set forth herein, each and every allegation contained in the preceding paragraphs of this Complaint.

82.

Officer Ianos intentionally did violence to Plaintiff when he repeatedly hit Plaintiff in the head, sprayed OC in his mouth and face, held him down.

83.

Officer Harding intentionally did violence to Plaintiff when he held Plaintiff down while Officer Ianos hit him and sprayed OC in his mouth and face, and when he broke Plaintiff's arm.

84.

Officer Harding was within reach of Plaintiff while Officer Ianos administered unconstitutional force on Plaintiff, yet he did nothing to stop the harm.



Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-495[illegible]
Facsimile 516-228-8390
Email: oliveros@trialwarrior.net

85.

Officers Ianos and Harding intended to bring about this harmful and offensive conduct to Plaintiff.

86.

Officers Ianos and Harding acted voluntarily to cause the resulting harm and offensive contact to Plaintiff.

87.

As a result of the above acts by Officers Ianos and Harding, Plaintiff suffered harm, injuries and losses to be proven at trial as set forth above.

88.

The City is responsible and liable for the actions and omissions of Officers Ianos and Harding.

**COUNT FIVE**
**UNCONSTITUTIONAL SEIZURE AND MALICIOUS PROSECUTION UNDER THE FOURTH AMENDMENT AGAINST PETERS, NELSON AND JOHNSON IN VIOLATION OF 42 U.S.C. §1983**

89.

Plaintiff incorporates by reference as though fully set forth herein, each and every allegation contained in the preceding paragraphs of this Complaint.

90.

Administrator Peters, PO Johnson and Supervisor Nelson intentionally communicated inaccurate information to Kansas probation placing Plaintiff in a false light and in doing so inflicted emotional distress and harm upon Plaintiff.



Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-495[illegible]
Facsimile 516-228-8390
Email: oliveros@trialwarrior.net

91.

Administrator Peters, PO Johnson and Supervisor Nelson initiated and facilitated proceedings to revoke Plaintiff's probation with an intent to deprive Plaintiff of his constitutional protections, including the right to be fully and formally advised of the charges against him, his constitutional right to a hearing so that he could confront witnesses, present evidence and a defense, and his right to have his conditions of probation related to his original criminal conviction.

92.

PO Johnson and Supervisor Nelson commenced a prosecution against Plaintiff for his probation violation.

93.

Plaintiff's probation was revoked.

94.

PO Johnson and Supervisor Nelson had no probable cause to prosecute the action.

95.

Administrator Peters, PO Johnson and Supervisor Nelsons' actions and omissions were conducted with malice.

96.

As a result of the conduct of Administrator Peters, PO Johnson and Supervisor Nelson, Plaintiff suffered damages.

97.

The State and the Commission are responsible and liable for the actions and omissions of Administrator Peters, Supervisor Nelson and PO Johnson.



Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-495[illegible]
Facsimile 516-228-8390
Email: oliveros@trialwarrior.net

**COUNT SIX**
**VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT AGAINST PETERS, NELSON AND JOHNSON IN VIOLATION OF 42 U.S.C. §1983**

98.

Plaintiff incorporates by reference as though fully set forth herein, each and every allegation contained in the preceding paragraphs of this Complaint.

99.

Plaintiff is entitled to due process in all probation proceedings.

100.

Due process and the notion of fundamental fairness affords Plaintiff a constitutional right to notice of the allegations against him, the right to counsel, a hearing, the right to confrontation and the right to present evidence on his behalf before there is a revocation of his probation.

101.

Administrator Peters, PO Johnson and Supervisor Nelson deprived Plaintiff of his liberty interest and of fundamentally fair probation proceedings when they revoked his probation without a notice of the formal charges, without conducting a hearing, and without giving Plaintiff the opportunity for Plaintiff to obtain counsel.

102.

As a result of the conduct of Administrator Peters, PO Johnson and Supervisor Nelson, Plaintiff was wrongfully and unlawfully detained, suffered emotional distress, and he suffered economic harm.



Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-495[illegible]
Facsimile 516-228-8390
Email: oliveros@trialwarrior.net

103.

The State and the Commission are responsible and liable for the actions and omissions of Administrator Peters, Supervisor Nelson and PO Johnson.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs pray that Judgment be entered in their favor and against Defendants and for such other and further relief as requested below:

- **a.** Compensatory damages in an amount to be proven at trial but no less than $500,000 in non-economic damages and $300,000 in economic damages;
- **b.** Attorneys' fees and costs associated with this action as provided in 42 U.S.C. §1988 against all Defendants and as allowable under law;
- **c.** Any applicable special damages;
- **d.** Pre- and post-judgment interest at the lawful rate against all Defendants; and
- **e.** Any further relief as the Court may find just and proper and such other relief as allowed by law.

## A. JURY DEMAND

Plaintiff demands a trial by jury on all counts so triable.

Dated this 14th day of July, 2023.

Respectfully submitted,

*/s/ Louren Oliveros*

Louren Oliveros, OSB #155386
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Tel: (516) 310-4954
Fax: (516) 228-8390
oliveros@trialwarrior.net
*Attorney for Plaintiff*

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

JASON MCGREW, Individually,

Plaintiff,

v.

CITY OF PORTLAND, STATE OF OREGON, THE INTERSTATE COMMISSION FOR ADULT OFFENDER SUPERVISION, NOAH HARDING, in his individual capacity, JONATHAN IANOS, in his individual capacity, COLETTE PETERS, in her individual capacity and as Administrator of the Commission for Adult Offender Supervision, CHERYL NELSON, in her individual capacity, and JOCELYN K. JOHNSON, in her individual capacity,

Defendants.

Case No. 23CV28156

SUMMONS

TO: Officer Noah Harding
Portland Police Bureau
East Precinct
737 SE 106th St.
Portland OR 87216

You are hereby required to appear and defend the complaint against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiffs will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT**
**READ THESE PAPERS CAREFULLY!**

Signature of Attorney for Plaintiff
LOUREN OLIVEROS

**Exhibit 4, page 1 of 2**



Oliveros Law, PLLC
Louren Oliveros, OSB No. 155386
50 Charles Lindbergh Blvd., Ste. 205
Uniondale, NY 11553
(516) 310-4954 Phone / (516) 228-8390 Fax
oliveros@trialwarrior.net

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "Answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have any attorney, proof or service upon the plaintiff.

If you have any questions you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636. http://www.osbar.org


LOUREN OLIVEROS 155386
Attorney's Name Bar No.

OLIVEROS LAW, PLLC
50 Charles Lindbergh Blvd., Ste. 205
Uniondale, NY 11553
516-310-4954
oliveros@trialwarrior.net


STATE OF NEW YORK, (County of Nassau) ss.

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

Attorney of Record for Plaintiff

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

Attorney of Record for Plaintiff

**Exhibit 4, page 2 of 2**




Oliveros Law, PLLC
Louren Oliveros, OSB No. 155386
50 Charles Lindbergh Blvd., Ste. 205
Uniondale, NY 11553
(516) 310-4954 Phone / (516) 228-8390 Fax
oliveros@trialwarrior.net

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2023, I served or caused to be served a true and correct copy of the foregoing **NOTICE OF REMOVAL** on the interested parties in this action as follows:

| | |
|---|---|
| Ms. Louren Oliveros, Esq.<br>OLIVEROS LAW, PLLC<br>50 Charles Lindbergh Blvd., Suite 205<br>Uniondale, NY 11553<br>Tel: (516) 310-4954; Fax: (516) 228-8390<br>Email: oliveros@trialwarrior.net | *Of Attorneys for Plaintiff Jason McGrew* |

☒ by **mail** in a sealed envelope, with postage fully prepaid, and deposited with the U.S. Postal Service in Portland, Oregon.

☐ by **hand delivery.**

☐ by **facsimile transmission.**

☐ by **email**, based on an agreement of the parties to accept service by e-mail or electronic transmission.

☐ by **electronic service** via the Court's CM/ECF electronic filing system for registered users.

DATED: July 25, 2023

*/s/ Trung D. Tu*
Trung D. Tu, OSB No. 004100
Senior Deputy City Attorney
Telephone: (503) 823-4047
Of Attorneys for Defendant City of Portland