**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **JASON MCGREW,** Individually, | |
| Plaintiff, | Case No. 3:23-CV-01082-HZ |
| v. | |
| **CITY OF PORTLAND, MULTNOMAH COUNTY, NOAH HARDING,** in his individual capacity, **JONATHAN IANOS,** in his individual capacity, **CHERYL NELSON,** in her individual capacity, and **JOCELYN K. JOHNSON**, in her individual capacity, | **FIRST AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND FOR VIOLATIONS OF THE OREGON TORT CLAIMS ACT FOR ASSAULT, BATTERY, NEGLIGENCE, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND FOR DAMAGES** |
| Defendants. | |
| | JURY TRIAL REQUESTED |

Plaintiff Jason McGrew, individually and by and through his attorney of record, Louren Oliveros, of Oliveros Law, PLLC brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Oregon Tort Claims Act, and states as follows:

**JURISDICTION AND VENUE**

1.

Plaintiff's claims arise under the Civil Rights Act, as amended, 42 U.S.C. §1983, §1988, *et seq.*, and the Oregon Tort Claims Act, O.R.S. § 30.260, *et seq.*

2.

Venue is proper in the District of Oregon because Plaintiff's claims arise from acts or omissions of Defendants which occurred within the federal district of Oregon. Venue is also proper in the Circuit Court of the State of Oregon for the County of Multnomah because the cause of action arose in the County of Multnomah, City of Portland, State of Oregon. Plaintiff's claims arise from acts or omissions of Defendants which occurred within the judicial district designated as the Circuit Court for the State of Oregon in Multnomah County.

3.

This case was filed in the Circuit Court of the State of Oregon for the County of Multnomah on July 14, 2023, Case No. 23CV28156. The case was removed to the United States District Court for the District of Oregon, Portland Division by the City of Portland on July 26, 2023 pursuant to 28 USC Section 1441(a) and (c).

4.

In state court, the circuit court had jurisdiction over the parties under O.R.S. § 14.060. "Under the Oregon Constitution, circuit courts have subject matter jurisdiction over all actions unless a statute or rule of law divests them of jurisdiction." *See* OR Const., Art VII (Amended), § 2, *State v. Daniel*, 222 Or App 362, 366 (Ct. App. 2008).

5.

On or about September 24, 2021 and on January 26, 2022 written notice of this claim was provided to the City of Portland within the meaning of the Oregon Tort Claims Act, O.R.S. §30.275.  On or about October 14, 2022 written notice of this claim was provided to Multnomah County within the meaning of the Oregon Tort Claims Act, O.R.S. §30.275.  Additionally, Multnomah County had timely actual notice of Plaintiff's claims.

Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-268-9678
Email: oliveros@trialwarrior.net

6.

Immunity granted pursuant to the Oregon Tort Claims Act has been waived under

O.R.S. §30.320, O.R.S. §30.271, and O.R.S. §30.272 (1969).

7.

The Defendants' acts and omissions were unreasonable, unconstitutional and violated

clearly established law.

8.

Plaintiff seeks recovery from the Defendants for the acts or omissions of the Defendants

based upon all relevant causes of action as applicable under federal and state law, including all

statutory, constitutional, and common law.

## THE PARTIES

9.

Plaintiff Jason Alan McGrew is a resident of Multnomah County, Portland, Oregon.

10.

Defendant Jonathan V. Ianos ("Officer Ianos") is, and at all material times was, a law

enforcement officer employed by the Portland Police Bureau (referred to as "PPB") and was

acting within the course and scope of his duties and employment as a law enforcement officer

and under color of state law at all times material.

11.

Defendant Noah Harding ("Officer Harding") is, and at all material times was, a law

enforcement officer employed by PPB and was acting within the course and scope of his duties

and employment as a law enforcement officer and under color of state law at all times material.

Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-268-9678
Email: oliveros@trialwarrior.net

12.

Defendant City of Portland ("the City") is a duly organized municipal corporation under Oregon law, and a public body liable for the tortious conduct of its agents and employees, including Officers Ianos and Harding, pursuant to ORS 30.260(4) and 30.265(1).

13.

At all material times, Officers Ianos and Harding were employees of the PPB operating as law enforcement officers, and were acting individually and within the course, scope and duties of said employment. Officers Ianos and Harding are named in their personal and individual capacities.

14.

Defendant Multnomah County ("the County"), at all material times, was a duly organized municipal corporation, and a body politic liable for the tortious conduct of its agents and employees, including Jocelyn Kline-Johnson and Cheryl Nelson. Multnomah County supervised adult probationers in Multnomah County, including Plaintiff and other probationers serving probation pursuant to the Interstate Compact for the Supervision of Adult Offenders ("the Compact").

15.

Defendant Jocelyn Kline-Johnson ("PO Johnson") is, and at all material times was, a probation officer employed by the County and was acting within the course and scope of her duties and employment as a peace officer and under color of state law at all times material.

Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-268-9678
Email: oliveros@trialwarrior.net

16.

Defendant Cheryl Nelson ("PO Nelson") is, and at all material times was, a probation officer employed by the County and was acting within the course and scope of her duties and employment as a peace officer and under color of state law at all times material.

17.

PO Johnson and PO Nelson are named in their personal and individual capacities.

**FACTUAL ALLEGATIONS**

18.

On or about January 8, 2021, Plaintiff was placed on probation in Geary County, Kansas pursuant to a plea agreement related to marijuana. Plaintiff's probation was transferred to the State of Oregon to be supervised by PO Johnson, PO Nelson and the County pursuant to the Compact.

19.

In June of 2021, Defendants Nelson and Johnson designated Plaintiff as a low-risk probationer.

20.

At all material times, Plaintiff was in a relationship with a woman, Hannah Hinkle ("Hinkle"), who was known to the PPB to have mental health issues, and to break items in her own apartment, located on Cesar Chavez Blvd #25 ("Apartment"), when she was alone.

21.

Plaintiff's probation officer PO Nelson and PO Johnson knew that Ms. Hinkle had mental health issues no later than April 22, 2021.

Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-268-9678
Email: oliveros@trialwarrior.net

22.

Between April and August of 2021, the PPB were called to Hinkle's Apartment more than twenty times, primarily when Plaintiff was not present, to respond to unfounded allegations of disturbances. With respect to many of these calls, no one was home when the police arrived. When she was home, Hinkle "either stated there was nothing wrong, ignored police, or very rudely excused [the PPB] from her apartment." Hinkle openly and repeatedly complained to PPB about the false complaints made by her "nosy neighbor," Kayla.

23.

PPB knew or should have known before August 7, 2021 that Hinkle had a mental health condition and a pending court case for which she had been recently arrested on a warrant.

24.

Plaintiff had no domestic violence convictions. PPB also knew plaintiff to be cooperative and helpful during times when Hinkle's mental state caused her extreme distress and anxiety and interfered with her ability to function and communicate.

25.

The apartment where Ms. Hinkle lived is located in a dated, one-story brick building with very few windows. There is a cement walkway leading to a single step to a small cement porch leading to the back door. Another walkway also leads to a single step and a porch leading to the front door. The police approached the residence at the back door, not the front door.

26.

There were cracked windows at the back door, which were pre-existing for months prior to August of 2021 and not fixed by the property management company. PPB had knowledge of the existing property damage at Hinkle's residence from prior calls to the address.

Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-268-9678
Email: oliveros@trialwarrior.net

27.

On August 7, 2021, Officers Ianos and Harding were dispatched to a so-called "domestic disturbance" call at Hinkle's address. A neighbor reported a large white male with a black stick "smashing out" windows and demanding money.

28.

When Officers Ianos and Harding arrived at Hinkle's residence, they went to the back door instead of the front door. Upon their arrival there was no broken glass outside of the residence. Further, there were no broken windows, only windows that were cracked. There was no man with a stick smashing windows. The state of the premises blatantly contradicted the report by the neighbor.

29.

The Officers claimed to hear sounds of a disturbance, but admit those alleged sounds immediately stopped after they banged on the door several times and yelled to loudly announce their presence as police officers.

30.

After hearing the banging on the door, Hinkle left the room, in a direction away from the back door. Plaintiff did not know where Hinkle went. Plaintiff walked calmly to the door and informed the Officers that the door would not open because it was screwed shut by Hinkle.

31.

The Officers ordered him to open the door despite having the knowledge that Plaintiff could not open the door. Plaintiff attempted to explain and offered to open the front door for the officers, but Officer Ianos violently kicked the door in without warning when Plaintiff was

Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-268-9678
Email: oliveros@trialwarrior.net

unable to immediately comply with their request to open it. The door hit Plaintiff hard as it

swung open startling Plaintiff and pushing him back.

32.

The Officers immediately drew and aimed their firearms directly at Plaintiff, and Officers

Ianos and Harding ordered Plaintiff to come out with his hands up. Plaintiff was in fear of his life

and complied with the orders.

33.

The Officers never told Plaintiff he was under arrest or read him his Miranda Rights.

34.

Once outside Plaintiff turned and put his hands behind his back. Officers Ianos and

Harding each took one arm. Officer Harding had Plaintiff's left arm and Officer Ianos was on the

right. They forced Plaintiff to the ground violently, but noted in their report, "Ultimately,

[Plaintiff] got down on his knees" at which point Officer Ianos "holstered [his] OC Spray,"

which he had also drawn.

35.

Plaintiff never verbally nor physically threatened Officers Ianos and Harding, and he was

not confrontational. Plaintiff complied with the Defendants' commands.

36.

Plaintiff was lying face down on the grass. Officer Harding had Plaintiff's left arm in an

arm lock. Officer Harding pinned Plaintiff with his knee on his back. Both Officers were on

Plaintiff's back. Plaintiff told the Officers that his arm was going to break two or three times

before Harding broke it. Officer Ianos punched Plaintiff multiple times in the face, drew his oleo

capsicum ("OC") spray, put it in Plaintiff's mouth and sprayed a stream of OC spray down

Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-268-9678
Email: oliveros@trialwarrior.net

Plaintiff's throat for a long, sustained spray lasting over three seconds while Plaintiff remained

pinned on the ground. Plaintiff could feel his stomach filling up with the OC spray.

37.

Plaintiff, who had a lifetime of pulmonary problems and a history of asthma, was unable

to breathe after being sprayed with OC. Plaintiff told the officers that he was unable to breathe

several times, but they did nothing to flush the chemical from his body.

38.

Plaintiff was panicked due to his inability to breathe and repeatedly requested to rinse his

mouth out to get relief from the severe OC contamination. His requests were denied. He was

forced to wait for relief for approximately 20 minutes until the paramedics arrived and flushed

his eyes and face.

39.

Officers Ianos and Harding knew or should have known that OC spray must not be

sprayed at close range due to the dangerous and toxic nature of the chemical. PPB officers,

including Officers Ianos and Harding, knew or should have known that OC spray is dangerous

and potentially life threatening when administered to a person with a history of asthma like

Plaintiff.

40.

Plaintiff was in respiratory distress from the OC spray. Plaintiff also sustained bruises

and lacerations on his face from the beating and his left arm was immobile and swollen to the

size of a baseball in the area of the break. Plaintiff was in excruciating pain from his injuries and

needed immediate medical care.

Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-268-9678
Email: oliveros@trialwarrior.net

41.

PPB refused Plaintiff medical care despite his requests and his serious medical needs related to the OC spray inhalation and exposure and his broken arm.

42.

Instead, Officers Ianos and Harding arrested Plaintiff on charges of interference with a peace officer, resisting arrest, coercion – domestic violence, and criminal mischief. The Officers, however, never filed a complaint as they had no probable cause for the charges.

43.

As a result of his wrongful arrest by Officers Ianos and Harding, Plaintiff was booked into the Multnomah County Jail on baseless charges where he was held for four days with no medical care.

44.

Upon his release on August 11, 2021, Plaintiff sought immediate medical treatment for the injuries to his left arm and shoulder at the Providence Emergency Room. He followed up with treatment for his broken arm at OHSU. Plaintiff's arm was immobilized for three months and stuck in a crooked position. Plaintiff suffered from limited range of motion, restricted activities, physical injury and pain and suffering in addition to medical treatment and related expenses.

45.

Within the next several months following the assault by Officers Ianos and Harding, Plaintiff suffered tremendous harm and his physical limitations became profound.

Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-268-9678
Email: oliveros@trialwarrior.net

46.

On April 8, 2022, Plaintiff's physical condition and inability to exert himself became so dire that he went to the hospital because he was unable to breathe. According to his evaluation, Plaintiff has a new diagnosis of heart failure and he was given a 60% chance to live another year.

47.

Plaintiff's heart condition was caused and/or aggravated by the unconstitutional close-range administration of OC spray by Officer Ianos.

48.

As a result of the above-described injuries, Plaintiff incurred medical expenses, and will sustain future medical expenses, all to his economic damages in the approximate amount of $100,000. This number may change, depending on whether Plaintiff's condition improves, resolves, persists, or worsens.

49.

Immediately following the assault and use of OC spray by the Officers, Plaintiff could not engage in any activity that caused physical exertion. After enjoying 17 years of training and coaching in jiu jitsu and achieving a brown belt, Plaintiff became unable to wrestle. Plaintiff could not roll in jiu jitsu, and he could not walk upstairs, walk around the block, or even simply carry a laundry basket.

50.

As a result of the assault by Officers Ianos and Harding, Plaintiff lost his business opportunity to be an owner of Checkmat, a Jui Jitsu academy. Plaintiff's life's work and connections created the opportunity to be an owner of Checkmat. Checkmat's grand opening was set for September of 2021 in Gresham inside of Snap Fitness. Due to the assault by the police,

Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-268-9678
Email: oliveros@trialwarrior.net

potential criminal charges, and the looming probation revocation, the business partners

determined that Plaintiff's tarnished image was not good for business and rescinded the 50%

ownership interest of the founder's interest in Checkmat. The lost business opportunity resulted

in substantial financial losses in an amount to be proven at trial.

51.

Plaintiff further suffered economic harm, humiliation and damage to his professional

reputation causing him emotional harm and interfering with his business opportunities, resulting

in an estimated loss of income and future income in the approximate amount of $200,000 to be

proven at trial.

52.

After the assault, Plaintiff submitted a tort claims notice on September 24, 2021 which the

City marked as "Received" on September 30, 2021.

53.

In July of 2021, Defendants Nelson and Johnson certified and documented that Plaintiff

was in compliance with his probation conditions and that he was a candidate for early release.

54.

On August 22, 2021, however, PO Nelson and PO Johnson modified the terms of

Plaintiff's probation without a hearing or notice to Plaintiff. The probation terms were materially

altered without judicial oversight to impose a specific, special condition that Plaintiff have no

offensive contact with Ms. Hinkle.

55.

A hearing on the new condition of probation unrelated to Plaintiff's original marijuana

conviction would have provided Plaintiff the opportunity to seek counsel, present evidence and

Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-268-9678
Email: oliveros@trialwarrior.net

be heard. Further, it would have revealed serious mental health issues exhibited by Ms. Hinkle, which were important for the Court's consideration.

56.

After Plaintiff filed his tort claims notice in late September of 2021, PO Johnson contacted Plaintiff and informed him that Officer Ianos called her and informed her about his complaint against Ianos. In the same conversation, PO Johnson pressured Plaintiff to drop the charges against Officer Ianos.

57.

After Plaintiff refused to drop the action against Officers Ianos and Harding, PO Johnson and PO Nelson immediately retaliated against Plaintiff by initiating probation revocation proceedings against Plaintiff in retaliation for Plaintiff's complaint against Officers Ianos and Harding.

58.

Because Plaintiff was on probation pursuant to the Compact, revocation carried with it severe consequences, including being taken back to the sending state, Kansas.

59.

On September 30, 2021, the same date the City claims to have received Plaintiff's tort claims notice, PO Johnson imposed the condition that Plaintiff have no contact with Hinkle. On that date PO Johnson and PO Nelson submitted a Compact Violation Report to the sending state of Kansas seeking to have his probation revoked and falsely alleging that Plaintiff violated conditions of his probation when Plaintiff did not violate a condition of his probation. Rather, PO Johson and PO Nelson imposed a new condition of release unrelated to Plaintiff's conviction and

Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-268-9678
Email: oliveros@trialwarrior.net

then also unilaterally, and without judicial oversight, found that Plaintiff violated that unlawful

condition of release and prepared the report to revoke Plaintiff's probation.


60.

Further, Defendants Johnson and Nelson recommended a retaking by Kansas based on

their unilateral finding of Plaintiff's probation violation. Defendants Johnson and Nelson,

however, failed to inform Kansas of material information, which omissions were instrumental in

causing Plaintiff's probation to be revoked and in causing an arrest warrant to be issued for

Plaintiff. The material information that was omitted by Defendants Johnson and Nelson to

Kansas included the following:

   a. That Ms. Hinkle has been known to cause property damage to her own personal

      property;

   b. That Ms. Hinkle suffered from mental illness and was susceptible to confusion;

   c. That Ms. Hinkle was evicted from her home after the August 7, 2021 law

      enforcement assault of Plaintiff at her home and she was homeless and in a state

      of desperation in August and September of 2021;

   d. That the no contact order caused Ms. Hinkle increased distress, anxiety and

      isolation from her support system, which worsened her condition and worsened

      her ability to  function as she had been before the assault;

   e. That Ms. Hinkle had broken into Plaintiff's home on or around September 20,

      2021 because of the no contact order and that Ms. Hinkle was confused about the

      no contact order; and

Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-268-9678
Email: oliveros@trialwarrior.net

f.  That on September 20, 2021 PO Johnson found that it was "impossible to determine what [was] actually happening" with Plaintiff and Ms. Hinkle.

61.

Despite this material information being intentionally withheld from Kansas, PO Nelson and PO Johnson proceeded to initiate Plaintiff's probation revocation and retaking in Kansas.

62.

The evidence necessary to refute the reasonableness of the no contact order with Ms. Hinkle needed to take place in Oregon rather than Kansas so that Plaintiff had the ability to call witnesses and present evidence within a close geographical proximity of the location where the allegations were based.

63.

On October 6, 2021, Kansas received PO Johnson's purported violation report and because of that report decided to retake Plaintiff and issue an arrest warrant for Plaintiff.  On or around that same date, PO Johnson told Plaintiff that he was no longer being supervised in Oregon and that he was required to report to Kansas by October 15th because Kansas "wanted him back." This retaking was done without a hearing, formal charges, or notice.

64.

PO Johnson and PO Nelson initiated the revocation of Plaintiff's probation in Oregon without a hearing, formal charges, or notice and despite that Plaintiff had not violated any condition of his probation and had no pending charges from the Officers' August 7, 2021 unconstitutional beating of him or any other incident related to Ms. Hinkle.

Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-268-9678
Email: oliveros@trialwarrior.net

65.

Plaintiff's probation revocation proceeding attempted to force Plaintiff to leave Oregon – to leave his children and ex-wife who was suffering from stage four cancer.

66.

As a direct result of the unconstitutional probation violation report generated by Defendants Johnson and Nelson, the State of Kansas issued an arrest warrant for Plaintiff on or around November 4, 2021.

67.

Plaintiff spent the next year of his life under the fear of being arrested pursuant to an arrest warrant based on the unconstitutional and unlawful probation violation.

68.

Ultimately, Plaintiff was arrested on or about October 5, 2022. He was confined on that arrest warrant for 14 days, until his release on or about October 18, 2022.

69.

PO Nelson and PO Johnson's retaliation included, but is not limited to, imposing unlawful and unrelated conditions of release upon Plaintiff, certifying and reporting to the sending state inaccurate and misleading information about the Plaintiff's compliance with probation, and failing to provide Plaintiff with a hearing and notice of the violations he faced in the State of Oregon.

70.

PO Johnson and PO Nelson's joint acts and omissions to unjustifiably and unlawfully revoke Plaintiff's probation and initiate proceeding that were known to result in a warrant for his

Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-268-9678
Email: oliveros@trialwarrior.net

arrest caused Plaintiff severe emotional, mental and financial harm and damages to be proven at trial.

## COUNT ONE
## <u>UNCONSTITUTIONAL SEIZURE, EXCESSIVE FORCE, AND WRONGFUL ARREST BY OFFICERS IANOS AND HARDING IN VIOLATION OF 42 U.S.C. §1983</u>

71.

Plaintiff incorporates by reference as though fully set forth herein, each and every allegation contained in the preceding paragraphs of this Complaint.

72.

Plaintiff Jason McGrew is entitled to be free from unlawful seizure of his person pursuant to the parameters of the Fourth Amendment to the United States Constitution. Plaintiff is also entitled to be safe from undue and unreasonable force and wrongful arrest.

73.

Officer Ianos' conduct of spraying OC in Plaintiff's face and striking Plaintiff multiple times was unreasonable and unconstitutional under the circumstances.

74.

Officer Harding's conduct of breaking Plaintiff's arm and failing to prevent constitutional harm by Officer Ianos was unreasonable and unconstitutional under the circumstances.

75.

Officers Harding and Ianos' conduct was well defined by law and each Defendant knew or should have known that their conduct was not only well below the standard prescribed by law, but unconstitutional.

76.

Officers Ianos and Harding arrested Plaintiff without reasonable suspicion that he

Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-268-9678
Email: oliveros@trialwarrior.net

committed a crime and without probable cause.

77.

Officers Ianos and Harding filed criminal charges and initiated criminal proceedings against Plaintiff without reasonable suspicion that he committed a crime and without probable cause. Officers Ianos and Harding's conduct caused Plaintiff to be booked into jail where he spent 5 days.

78.

As a result of these Constitutional violations, Plaintiff suffered harm and damages. The extent of damages will be more fully proven at trial.

## COUNT TWO
## NEGLIGENCE AGAINST THE CITY

79.

Plaintiff incorporates by reference as though fully set forth herein, each and every allegation contained in the preceding paragraphs of this Complaint.

80.

The acts and omissions of Officers Ianos and Harding entering Hinkle's residence by force, pointing their guns at Plaintiff, arresting him, beating him, spraying OC in his face and mouth, and breaking his arm was reckless and negligent.

81.

As a result of the above acts by Officers Ianos and Harding, Plaintiff suffered harm, injuries and losses to be proven at trial as set forth above.

82.

The City is responsible and liable for the actions and omissions of Officers Ianos and Harding.

18 – FIRST AMENDED COMPLAINT

Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-268-9678
Email: oliveros@trialwarrior.net

## COUNT THREE
## <u>ASSAULT AGAINST THE CITY</u>

### 83.

Plaintiff incorporates by reference as though fully set forth herein, each and every allegation contained in the preceding paragraphs of this Complaint.

### 84.

Officer Ianos intentionally attempted to do violence to Plaintiff when he repeatedly hit Plaintiff in the head, sprayed OC in his mouth and face, and held him down.

### 85.

Officer Harding intentionally attempted to do violence to Plaintiff when he held Plaintiff down while Officer Ianos hit him and sprayed OC in his mouth and face, and when he broke Plaintiff's arm while Plaintiff was not resisting or threatening him.

### 86.

Officer Ianos and Officer Harding had the present ability to carry into effect their intentional attempt to do violence against Plaintiff.

### 87.

Plaintiff was in fear of imminent harm as a result of the conduct of Officers Ianos and Harding.

### 88.

As a result of the above acts by Officers Ianos and Harding, Plaintiff suffered harm, injuries and losses to be proven at trial as set forth above.

### 89.

The City is responsible and liable for the actions and omissions of Officers Ianos and Harding.

Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-268-9678
Email: oliveros@trialwarrior.net

## COUNT FOUR
## <u>BATTERY AGAINST THE CITY</u>

90.

Plaintiff incorporates by reference as though fully set forth herein, each and every allegation contained in the preceding paragraphs of this Complaint.

91.

Officer Ianos intentionally did violence to Plaintiff when he repeatedly hit Plaintiff in the head, sprayed OC in his mouth and face, and held him down while Plaintiff was not resisting or threatening him.

92.

Officer Harding intentionally did violence to Plaintiff when he held Plaintiff down while Officer Ianos hit him and sprayed OC in his mouth and face, and when he broke Plaintiff's arm.

93.

Officer Harding was within reach of Plaintiff while Officer Ianos administered unconstitutional force on Plaintiff, yet he did nothing to stop the harm.

94.

Officers Ianos and Harding intended to bring about this harmful and offensive conduct to Plaintiff.

95.

Officers Ianos and Harding acted voluntarily to cause the resulting harm and offensive contact to Plaintiff.

96.

As a result of the above acts by Officers Ianos and Harding, Plaintiff suffered harm, injuries and losses to be proven at trial as set forth above.

Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-268-9678
Email: oliveros@trialwarrior.net

97.

The City is responsible and liable for the actions and omissions of Officers Ianos and Harding.

**COUNT FIVE**
**FALSE ARREST AGAINST THE CITY**

98.

Plaintiff incorporates by reference as though fully set forth herein, each and every allegation contained in the preceding paragraphs of this Complaint.

99.

Officers Ianos and Harding arrested Plaintiff and as a result of his arrest, he was booked and confined for four (4) nights in custody.

100.

Officers Ianos and Harding intended to confine Plaintiff.

101.

Plaintiff was aware of his confinement.

102.

Plaintiff's confinement was unlawful because there was no probable cause for his arrest.

103.

As a result of the above acts by Officers Ianos and Harding, Plaintiff lost his liberty and he suffered harm, injuries and losses to be proven at trial as set forth above.

104.

The City is responsible and liable for the actions and omissions of Officers Ianos and Harding.

21 – FIRST AMENDED COMPLAINT

Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-268-9678
Email: oliveros@trialwarrior.net

**COUNT SIX**
**INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS**
**AGAINST THE COUNTY**

105.

Plaintiff incorporates by reference as though fully set forth herein, each and every allegation contained in the preceding paragraphs of this Complaint.

106.

PO Nelson and PO Johnson intended to inflict severe emotional distress upon Plaintiff by imposing conditions of probation beyond his original conditions, by violating Plaintiff's newly imposed condition of release without a hearing, and by initiating his revocation in the State of Kansas.

107.

PO Nelson and PO Johnson's acts were the cause of Plaintiff's emotional distress in being found to have violated his probation and told to appear in Kansas without first having a hearing in Oregon.

108.

PO Nelson and PO Johnson's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct.

109.

As a result of the above acts by PO Nelson and PO Johnson, Plaintiff lost his liberty and he suffered harm, injuries and losses to be proven at trial as set forth above.

110.

The County is responsible and liable for the actions and omissions of PO Nelson and PO Johnson.

Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-268-9678
Email: oliveros@trialwarrior.net

**COUNT SEVEN**
**UNCONSTITUTIONAL SEIZURE AND MALICIOUS PROSECUTION UNDER THE**
**FOURTH AMENDMENT AGAINST NELSON AND JOHNSON**
**IN VIOLATION OF 42 U.S.C. §1983**

111.

Plaintiff incorporates by reference as though fully set forth herein, each and every

allegation contained in the preceding paragraphs of this Complaint.

112.

PO Johnson and PO Nelson intentionally communicated inaccurate and misleading

information to Kansas probation placing Plaintiff in a false light and in doing so inflicted

emotional distress and harm upon Plaintiff.

113.

PO Johnson and PO Nelson initiated and facilitated proceedings to revoke Plaintiff's

probation with an intent to deprive Plaintiff of his constitutional protections, including the right

to be fully and formally advised of the charges against him, his constitutional right to a hearing

near the location of the probation violation allegations so that he could confront witnesses,

present evidence and a defense, and his right to have the conditions of his probation relate to his

original criminal conviction.

114.

PO Johnson and PO Nelson commenced proceedings against Plaintiff for his probation

violation.

115.

Plaintiff's probation was revoked as a result of PO Johnson and PO Nelson's

commencement of proceedings against Plaintiff.

23 – FIRST AMENDED COMPLAINT

Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-268-9678
Email: oliveros@trialwarrior.net

116.

PO Johnson and PO Nelson had no probable cause to prosecute the action.

117.

PO Johnson and PO Nelsons' actions and omissions were conducted with malice.

118.

As a result of the conduct of PO Johnson and PO Nelson, Plaintiff suffered damages.

## COUNT EIGHT
## VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS AGAINST NELSON AND JOHNSON IN VIOLATION OF 42 U.S.C. §1983

119.

Plaintiff incorporates by reference as though fully set forth herein, each and every

allegation contained in the preceding paragraphs of this Complaint.

120.

Plaintiff is entitled to due process in all probation proceedings.

121.

The Due Process Clause of the Fifth Amendment to the United States Constitution,

applicable to the states through the Fourteenth Amendment, provides that no person may be

deprived of life, liberty, or property without due process of law. In this context, the notion of

fundamental fairness affords Plaintiff a constitutional right, secured by the Due Process Clause

of the Fifth Amendment to the United States Constitution, applicable to the states through the

Fourteenth Amendment to the United States Constitution, to notice of the allegations against

him, the right to counsel, a hearing by a neutral, detached officer in or near the location where

the alleged violation occurred, the right to confrontation and the right to present evidence on his

Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-268-9678
Email: oliveros@trialwarrior.net

behalf when he is subject to a retaking for violations of conditions of release that may result a probation revocation.

122.

PO Nelson and PO Johnson deprived Plaintiff of his liberty interest and of fundamentally fair probation proceedings when they violated his probation and sought his revocation without a notice of the formal charges, without conducting a probable cause hearing on the violation in the State of Oregon, and without giving Plaintiff the opportunity for Plaintiff to obtain counsel and present evidence.

123.

As a result of the conduct of PO Johnson and PO Nelson, Plaintiff's probation was unconstitutionally revoked, Plaintiff was wrongfully and unlawfully arrested and confined for 14 days, and he suffered emotional distress and economic harm.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays that Judgment be entered in his favor and against Defendants and for such other and further relief as requested below:

**a.** Compensatory damages in an amount to be proven at trial but no less than $500,000 in non-economic damages and $300,000 in economic damages;

**b.** Attorneys' fees and costs associated with this action as provided in 42 U.S.C. §1988 against all Defendants and as allowable under law;

**c.** Any applicable special damages;

**d.** Pre- and post-judgment interest at the lawful rate against all Defendants; and

**e.** Any further relief as the Court may find just and proper and such other relief as allowed by law.

Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-268-9678
Email: oliveros@trialwarrior.net

## A.  JURY DEMAND

Plaintiff demands a trial by jury on all counts so triable.

Dated this 2nd day of October, 2023.

Respectfully submitted,

_/s/ Louren Oliveros_
Louren Oliveros, OSB #155386
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY  11553
Tel: (516) 310-4954
Fax: (516) 268-9678
oliveros@trialwarrior.net
_Attorney for Plaintiff_

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON October 2, 2023 I served or caused to be served a

true and correct copy of the foregoing **FIRST AMENDED COMPLAINT** on the interested

parties in this action as follows:

Veronica R. Rodriguez, OSB No. 181818
Assistant County Attorney
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214
Telephone: (503) 988-3138
Facsimile: (503) 988-3377
veronica.rodriguez@multco.us
_Attorneys for Defendants Cheryl_
_Nelson and Jocelyn K. Johnson_

| |
|---|
| _____ HAND DELIVERY |
| _____ MAIL DELIVERY |
| _____ OVERNIGHT MAIL |
| __X__ SERVED BY E-FILING |
| __X__ SERVED BY EMAIL |

Trung D. Tu
Portland City Attorney's Office
1221 SW 4th Ave, Ste 430
Portland, OR 90204
trung.tu@portlandoregon.gov
_Attorneys for City of Portland_

| |
|---|
| _____ HAND DELIVERY |
| _____ MAIL DELIVERY |
| _____ OVERNIGHT MAIL |
| __X__ SERVED BY E-FILING |
| __X__ SERVED BY EMAIL |

Louren Oliveros
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Phone 516-310-4954
Facsimile 516-268-9678
Email: oliveros@trialwarrior.net