JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON
Veronica R. Rodriguez, OSB No. 181818
Assistant County Attorney
Multnomah County Attorney
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214
Telephone: (503) 988-3138
Facsimile: (503) 988-3377
E-mail: veronica.rodriguez@multco.us
*Of Attorneys for Multnomah County, Jocelyn Johnson and Cheryl Nelson*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JASON MCGREW, individually,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PORTLAND, MULTNOMAH COUNTY, NOAH HARDING, in his individual capacity, JONATHAN IANOS, in his individual capacity, CHERYL NELSON, in her individual capacity, JOCELYN K. JOHNSON, in her individual capacity,<br><br>Defendants. | No. 3:23-CV-01082-HZ<br><br>DEFENDANTS MULTNOMAH COUNTY, JOCELYN JOHNSON AND CHERYL NELSON'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>**Oral Argument- 1-Hour Requested** |

## LOCAL RULE 7-1 CERTIFICATION

Counsel for Defendants Multnomah County, Cheryl Nelson and Jocelyn Johnson (hereinafter "County Defendants") certifies that she conferred with Louren Oliveros, counsel for Plaintiff, about the issues raised herein by telephone on September 27, 2023, and October 13, 2023. The parties made a good faith effort to resolve the issues presented but were unable to do so. The Court's ruling on these issues is necessary.

## I. MOTION TO DISMISS

County Defendants hereby move to dismiss Plaintiff's *First Amended Complaint* ("FAC") for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## II. STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of a complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also* Fed. R. Civ. P. 8(a). In considering a motion to dismiss, a court accepts all of the plaintiff's factual allegations as true and construes the pleadings in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "to be entitled to the presumption of truth, allegations in a complaint may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Additionally, a court need not accept as true "allegations that contradict matters properly subject to judicial notice." *In re Gilead Scis. Litig.*536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).

While the court may accept all "well-pled" factual allegations, it should ignore legal conclusions. Bare allegations that a government official, "knew of, condoned, and willfully and maliciously agreed" to violate a plaintiff's constitutional rights for improper purpose are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951 (2009); *Harlow v. Fitzgerald*, 457 U.S. 800, 817-818, 102 S.Ct. 2727 (1982) (bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

broad-reaching discovery). It is the conclusory nature of the allegations that "disentitles them to the presumption of truth." *Iqbal*, 129 S.Ct. at 1951.

## III. BACKGROUND

### *A. Procedural Background*

On July 14, 2023, Plaintiff filed a Complaint against City of Portland, Noah Harding, Jonathan Ianos, Jocelyn Johnson, Cheryl Nelson, Colette Peters, the State of Oregon, and the Interstate Commission for Adult Offender Supervision in Multnomah County Circuit Court. (ECF 1, Exhibit 3). Plaintiff never served Multnomah County with a Tort Claim Notice, pursuant to the Oregon Tort Claims Act, ORS §30.275. On August 15, 2023, Plaintiff personally served a copy of the Summons and Removal Notice on Defendant Johnson. (ECF 19). On August 17, 2023, Plaintiff personally served a copy of the Summons and Removal Notice on Defendant Nelson. (ECF 21). On July 25, 2023, Defendant City of Portland removed the case to this Court. (ECF 1). On October 2, 2023, Plaintiff filed an FAC, wherein he added Multnomah County as a new defendant, and removed the following previously named defendants: Colette Peters, the State of Oregon, and the Interstate Commission for Adult Offenders. (ECF 29).

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

### *B. The Interstate Compact*

The Interstate Commission for Adult Offender Supervision ("ICAOS") was created to promote cooperation and coordination among the states and U.S. Territories in the transfer of supervised offenders across state boundaries.[1] The mission of the ICAOS is to help protect the public and provide offenders with their best possible opportunity for success. *Id.*

When determining whether a state or Compact agency applied the Compact in a permissible manner courts generally apply a statutory construction approach. *See, Friends of the Columbia Gorge v. Columbia River Gorge Comm'n*, 213 P.3d 1164, 1170-74 (Or. 2009). For Compacts with consent, such as Oregon, courts apply federal law, including federal decisional law unless the consent statute or Compact specifically makes state statutory, regulatory, or decisional law applicable. ICAOS Bench Book 1.5.[2]

## IV. <u>MATERIAL FACTS</u>

Generally, a motion to dismiss under Rule 12(b)(6) must rely solely on the contents of the pleadings. *See* Fed. R. Civ. P. 12(d). There are two exceptions to this rule: 1) the incorporation-by-reference doctrine; and 2) judicial notice under Federal Rule of Evidence 201. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Courts may "take judicial notice of documents on which allegations in the complaint necessarily rely, even if not expressly referenced in the complaint, provided that the authenticity of those documents are not in dispute." *Golub v. Gigamon Inc.*, 2019 WL 4168948, at *6 (N.D. Cal. Sept. 3, 2019). "The Court

---

[1] Oregon Community Corrections: Information on supervision and offender-directed services. https://www.oregon.gov/doc/community-corrections/pages/interstate-compact.aspx. (Accessed October 5, 2023).
[2] ICAOS Bench Book 1.5. Interpretation of Interstate Compacts. https://interstatecompact.org/bench-book/ch1/1-5-interpretation-interstate-compacts. (Accessed October 6, 2023).



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

'may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'" *Opperman v. Path, Inc.*, 205 F.Supp 3d 1064, 1070 (N.D. Cal. 2016) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010)). The incorporation-by-reference doctrine "applies with equal force to internet pages as it does to printed material." *Knieval v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

In this case, the Interstate Compact ("Compact") is referenced in Plaintiff's FAC and is central to this case. Plaintiff referenced his transfer of probation from Kansas to Oregon, pursuant to the Compact, in his FAC. (ECF 29, ¶ 18). The authenticity of the Compact, as referenced in ORS 144.600 and the ICAOS Compact Statute, are not in question. Also referenced in Plaintiff's FAC are Plaintiff's conditions of probation, and the authenticity of his probation conditions is not in question (Rodriguez Declaration, ¶ 3, Exhibit 1 "Conditions of Probation").

Plaintiff's FAC references criminal charges that Plaintiff faced while under Oregon's supervision pursuant to the Compact. The Court may take judicial notice of decisions by a state court, as reflected in documents filed within Oregon's eCourt Case Information ("OECI"). The authenticity of the Register of Actions in *State of Oregon v. Jason Alan McGrew*, Multnomah County Circuit Court Case No. 21CR38128 is not in question. (Rodriguez Declaration, ¶ 4, Exhibit 2 "Criminal matter"). Further, Plaintiff's FAC references Plaintiff's arrest pursuant to a warrant. The authenticity of the Register of Actions in *State of Oregon v. Jason Alan McGrew*, Multnomah County Circuit Court Case No. 22EX00615 is not in question. (Rodriguez Declaration, ¶ 5, Exhibit 3 "Extradition matter").



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

The Court may also judicial notice of rules, advisory opinions and the bench book related to the Compact. The Court may consider material that is subject to judicial notice on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) without converting the motion into one for summary judgment. *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) ("on a motion to dismiss a court may properly look beyond the complaint to matters of public record"). The Court may therefore take judicial notice of the IACOS Rules, Bench Book, and Advisory Opinions. (Rodriguez Declaration, ¶¶ 7 – 9, Exhibits 4 – 6).

Considering the FAC, the Compact and related documents, the following facts are not reasonably in dispute:

- ❖ On or about January 8, 2021, Plaintiff was placed on probation in Geary County, Kansas pursuant to a plea agreement related to marijuana. Plaintiff's probation was transferred to the State of Oregon, during which he was supervised by Defendants Johnson and Nelson.

- ❖ Defendants Johnson and Nelson designated Plaintiff as a low-risk probationer at least once while supervising Plaintiff.

- ❖ While under supervision in Oregon, Plaintiff was involved with Hannah Hinkle ("Hinkle").

- ❖ Between April and August 2021, Portland Police Bureau ("PPB") were called to Hinkle's apartment multiple times.

- ❖ On August 7, 2021, PPB officers Ianos and Harding were dispatched to a domestic disturbance call at Hinkle's apartment. A neighbor reported a large white male with a black stick "smashing out" windows and demanding money. PPB arrested Plaintiff on charges of interference with a peace officer, resisting arrest, coercion, and criminal mischief.

- ❖ On September 30, 2021, Defendant Johnson submitted a report to the sending state, Kansas, wherein she recommended that that Plaintiff be returned to complete his supervision in Kansas.

- ❖ On October 6, 2021, Kansas decided to retake Plaintiff.



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

- ❖ Based on Plaintiff's failure to return to Kansas as ordered, Kansas issued a warrant. Plaintiff was arrested on or about October 5, 2022.

## V. <u>ARGUMENT</u>

### *A. Plaintiff's count six claim of intentional infliction of severe emotional distress against the County must be dismissed for failure to state a claim.*

#### i. Plaintiff failed to provide County Defendants with notice of his state claim as required.

Plaintiff's intentional infliction of severe emotional distress ("IIED") is a state claim, subject to the Oregon Tort Claims Act § 30.275 ("OTCA"). OTCA requires that a plaintiff may not maintain an action against a public body "unless notice of the [the] claim is given." ORS 30.275(1). The notice requirement is "mandatory…and a condition [precedent] to recovery" under the OTCA. *Urban Renewal Agency of City of Coos Bay v. Lackey*, 275 Or. 35, 40, 549 P.2d 657, 660 (Or. 1976). It is not disputed that County Defendants include a public body. (ECF 29, ¶ 14). Plaintiff did not provide County Defendants with a tort claim notice, nor did he commence this action within the requisite timeframe. ORS 30.275(2), ORS 30.275(3)(c). That defect is fatal to Plaintiff's FAC. Plaintiff will be unable to prove facts to demonstrate that County Defendants had timely notice, as required under the OTCA, nor that County Defendants had actual notice of Plaintiff's claims as brought in this lawsuit. Notwithstanding, the following dispositive issues are also sufficient for purposes of dismissing the case with prejudice.

#### ii. Plaintiff is unable to prove facts that County Defendants acted outrageously.

At all relevant times, Defendants Johnson and Nelson were working for Multnomah County's Department of Community Justice as probation officers, wherein they supervised adult probationers in Multnomah County, including Plaintiff and other probationers serving probation pursuant to the Compact (ECF 29, ¶ 14). Both Defendants Johnson and Nelson, at all material times were acting within the course and scope of their duties. (ECF 29, ¶ 15-16).



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

In his IIED claim, Plaintiff alleges following:

1) Defendants Johnson and Nelson imposed conditions of probation beyond his original conditions by reporting Plaintiff's probation violations to the sending state, Kansas, without a hearing in Oregon and also initiated Plaintiff's revocation in Kansas. (ECF 29, ¶¶ 106-107);

2) This conduct constituted an extraordinary transgression of the bounds of socially tolerable conduct. (ECF 29, ¶ 108); and

3) Defendant Multnomah County is responsible and liable for the actions and omissions of Defendants Johnson and Nelson. (ECF 29, ¶ 110).

To survive a claim for IID, Plaintiff is required to prove three elements:

1) that defendants intended to cause plaintiff severe emotional distress or knew with substantial certainty that their conduct would cause such distress;

2) that defendants engaged in outrageous conduct, i.e., conduct extraordinarily beyond the bounds of socially tolerable behavior; and

3) that defendants' conduct in fact caused plaintiff severe emotional distress.

*House v. Hicks*, 218 Or. App. 348, 357-358 (2008) (citing *McGanty v. Straudenraus*, 321 Or. 532, 543, 550, 901 P.2 841 (1995)).

Because proof of intent is often indirect and evidence of psychic harm is usually self-serving, proof of this tort largely turns on the second element, whether defendants' conduct is sufficiently outrageous. *Id.*, 321 Or. At 358. The graveman of the tort of IIED is "*a loss due to intentionally inflicted severe emotional distress*." *Checkley v. Boyd*, 170 Ct. App. 721, 732 (2000) (emphasis in original). "It is the defendants' acts, rather than their motives, that must be outrageous." *Dallal v. Burger King Corp.*, 1995 WL 747438, *2 (D. Or. 1995) (citing *Madani v. Kendall Ford, Inc.*, 312 Or. 198, 204, 818 P.2d. 930 (1991)).

Under the Compact statute, at the time of acceptance or during the term of supervision, the receiving state may impose a condition on an offender if that condition would have been



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

imposed on an offender sentenced in the receiving state. IACOS Rule 4.103(a).[3] The clear language of Rule 4.103(a) states that special conditions may be imposed by the receiving state after an offender has transferred.[4]

Plaintiff's probation conditions required him to "[o]bey all Federal, State, and Municipal laws" and prohibited him from engaging in "any disorder, fight, assaultive activities, violence, or threats of violence of any nature." (Rodriguez Declaration ¶ 3, Exhibit 1). While under supervision in Multnomah County, Plaintiff had contact with law enforcement, including on August 7, 2021, where he was arrested on charges of interference with a peace officer, resisting arrest, coercion, and criminal mischief while he was at Hinkle's residence.[5] (ECF 29, ¶¶ 27, 42). After Plaintiff had contact with law enforcement for violent and/or threatening behavior toward Hinkle, Defendant Nelson ordered Plaintiff to have no contact with Hinkle. (ECF 29, ¶ 59).

Defendant Johnson reported violations of Plaintiff's probation, specifically his failure to not engage in violent or threatening behavior, to the sending state, Kansas, in accordance with the procedure required under the Compact and as required based on the agency relationship established under it. (ECF 29, ¶ 59). The process followed by Defendants in this case was as expected under, and in accordance with, the Compact as a matter of law.

Plaintiff alleges that Defendants' outrageous conduct included their failure to provide him with formal notice and a due process hearing. However, the Compact does not require

---

[3] IACOS 4.103. Conditions of supervision. https://interstatecompact.org/icaos-rules/chapter/ch4/rule-4-103. (Accessed October 6, 2023).
[4] ICAOS Advisory Opinion 5-2006. *See, ICAOS v. Tennessee Board of Probation and Parole et al*, U.S. District Court, Eastern District of Kentucky #04-526-KSF, 2005. *See also, Doe v. Ward*, 124 F.Supp.2d 900 (W.D. Penn. 2000).
[5] *State of Oregon v. Jason Alan McGrew*, Multnomah County Circuit Court Case No. 21CR38128.



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

Defendants to have provided Plaintiff with any such notice or hearing. [6] Any right to a hearing that Plaintiff was entitled to, as it would relate to his probation violations, should have taken place in Kansas, as the sending state. Any inopportunity to participate in a formal hearing was due to Plaintiff's conduct, specifically his decision to abscond Kansas' order to return. (ECF 29, ¶¶ 66 – 68).

Plaintiff has not plead facts sufficient to state a claim that County Defendants acted in any manner that is outrageous or outside the bounds of socially tolerable behavior. The facts as pled in the FAC establish that County Defendants acted lawfully, pursuant to the agency relationship established under the Compact and within the scope of Defendants Nelson and Johnson's job duties as probation officers. Any decision to retake Plaintiff, or to revoke his probation, was one to be made solely at the discretion of Kansas, as the sending state.[7] Even taking the facts in the light most favorable to Plaintiff, he can prove no facts in support of his IIED claim fails that would entitle him to relief. Plaintiff's IIED claim against County Defendants needs to be dismissed.

**B.** ***Plaintiff's count seven claim of unconstitutional seizure and malicious prosecution under the Fourth Amendment against Defendants Nelson and Johnson in violation of 42 U.S. §1983 must be dismissed for failure to state a claim.***

---

[6] ICAOS Advisory Opinion 2-2005. https://interstatecompact.org/advisory-opinions/2-2005 (accessed October 6, 2023). Courts commonly cite ICAOS advisory opinions and ICAOS Bench Book. *See, e.g., State v. Brown*, 140 A.3d 768, 776, 777 n.5 (R.I. 2016); *Voerding v. Mahoney*, No. CV 09-73-H-DWM-RKS, 2010 U.S. Dist. LEXIS 32059 (D. Mont. Apr. 1, 2010); *In re Paul*, No. A-3905-08T2, 2010 N.J. Super. Unpub. LEXS 1729 (N.J. Super. Ct. App. Div. Apr. 10, 2010). Bench Book 1.5. Interpretation of Interstate Compacts.

[7] ICAOS Advisory Opinion 2-2005. https://interstatecompact.org/advisory-opinions/2-2005 (accessed October 6, 2023). ICAOS Rule 4.103-1. Force and effect of conditions imposed by receiving state. https://interstatecompact.org/icaos-rules/chapter/ch4/rule-4-103-1. (Accessed October 6, 2023).

[7] ICAOS Rule 4.106. Progress reports on offender compliance and non-compliance. ICAOS Rule 4.106. Progress reports on offender compliance and non-compliance. https://interstatecompact.org/icaos-rules/chapter/ch4/rule-4-106. (Accessed October 6, 2023).



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

**i. All of Plaintiff's claims against Defendant Cheryl Nelson must be dismissed for failure to state a claim.**

Plaintiff alleges that, on August 22, 2021, Defendant Nelson modified the terms of Plaintiff's probation without a hearing or notice to Plaintiff. (ECF 29, ¶ 54).

A plaintiff must allege facts, not simply conclusions, which show that an individual was personally involved in the deprivation of plaintiff's civil rights. *Barren v. Harrington*, 152 F. 3d 1193 (9th Cir. 1980). Liability under § 1983 must be based on the personal involvement of the defendant. *Id*. (citing *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980).

Defendant Nelson transferred supervision to Defendant Johnson on August 10, 2021, and Defendant Nelson no longer had any involvement in DCJ's supervision of Plaintiff. Defendant Nelson retired from her employment with Multnomah County on August 30, 2021. Plaintiff fails to state a claim upon which relief may be granted as to any claims against Defendant Nelson because he has failed to allege any facts which would support his allegations to demonstrate that Defendant Nelson was personally involved in any violation of his constitutional rights. Plaintiff's claims against Defendant Nelson must be dismissed.

**ii. Plaintiff's count seven claim of unconstitutional seizure and malicious prosecution under the Fourth Amendment against Defendant Johnson in violation of 42 U.S. §1983 must be dismissed for failure to state a claim.**

Plaintiff alleges that Defendants Johnson and Nelson intentionally communicated inaccurate and misleading information to Kansas. (ECF 29, ¶ 112). Plaintiff further alleges that Defendants Johnson and Nelson initiated and facilitated proceedings to revoke Plaintiff's probation with an intent to deprive Plaintiff of his constitutional due process protections and his right to have the conditions of his probation relate to his original criminal conviction. (ECF 29, ¶ 113). Plaintiff alleges that Defendants Johnson and Nelson commenced proceedings against Plaintiff for his



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

probation violation and that Plaintiff's probation was revoked as a result. (ECF 29, ¶¶ 114 – 115). Further, Plaintiff alleges that Defendants Johnson and Nelson had no probable cause to prosecute the action and that their conduct and omissions were conducted with malice. (ECF 29, ¶¶ 116 – 117).

To maintain an action for malicious prosecution, Plaintiff must allege and prove the following:

> (1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution.

*Bender v. City of Seattle*, 99 Wash. 2d 582, 664 P.2 492, 500 (1983).

Malice and want of probable cause are the gist of the action, and the burden of proof rests on the plaintiff. *Peasley v. Puget Sound Tug & Barge Co.*, 13 Wash. 2d 485, 498-99, 125 P.2d 681 (1942). *Peasley* establishes that,

> "[i]f it clearly appears that the defendant, before instituting criminal proceedings against the plaintiff, made to the prosecuting attorney a full and fair disclosure, in good faith, of all the material facts known to [them], and that the prosecuting attorney thereupon preferred a criminal charge and caused the arrest of the accused, probable cause is thereby established as a matter of law and operates as a complete defense to a subsequent action by the accused."

*Peasley*, at 499-500, 125 P.2d 681.

A receiving state may initiate a progress report to document offender compliant or noncompliant behavior that does not require a retaking as well as, incentives, corrective actions or graduated responses imposed. ICAOS Rule 4.106(b).[8] A progress report shall include, among

---

[8] ICAOS Rule 4.106. Progress reports on offender compliance and non-compliance. https://interstatecompact.org/icaos-rules/chapter/ch4/rule-4-106. (Accessed October 6, 2023).



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

other things, the supervising officer's summary of offender's conduct, progress and attitude, and compliance with conditions of supervision, information about any sanctions that have been imposed on the offender since the previous progress report, supervising officer's recommendation, and any other information requested by the sending state that is available in the receiving state. ICAOS Rule 4.106(c).[9]

A receiving state shall notify a sending state of an act or pattern of behavior requiring retaking within 30 calendar days of discovery or determination by submitting a violation report. A violation report shall contain, among other information, date(s) and description of the behavior requiring retaking; date(s), description(s) and documentation regarding the use of incentives, corrective actions, including graduated responses or other supervision techniques to address the behavior requiring retaking in the receiving state, and the offender's response to such actions; supporting documentation regarding the violation. The sending state shall give the same force and effect to conditions imposed by a receiving state as if those conditions had been imposed by the sending state. IACOS Rule 4.103-1.[10]

The sending state shall respond to a report of a violation made by the receiving state and include the action to be taken by the sending state. ICAOS Rule 4.109.[11] Upon a request by the receiving state and documentation that the offender's behavior requires retaking, a sending state shall issue a warrant to retake or order the return of an offender from the receiving state or

---

[9] ICAOS Rule 4.106. Progress reports on offender compliance and non-compliance. https://interstatecompact.org/icaos-rules/chapter/ch4/rule-4-106. (Accessed October 6, 2023).
[10] ICAOS Rule 4.103-1. Force and effect of conditions imposed by receiving state. https://interstatecompact.org/icaos-rules/chapter/ch4/rule-4-103-1. (Accessed October 6, 2023).
[11] ICAOS Rule 4.109. Violation report(s) requiring taking. https://interstatecompact.org/icaos-rules/chapter/ch4/rule-4-109. (Accessed October 6, 2023).



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

subsequent receiving state within 15 days of the violation report. ICAOS Rule 5.103(a).[12] If the sending state issues a warrant under subsection (c) of this rule, the receiving state shall attempt to apprehend the offender on the sending state's warrant and provide notification to the sending state. ICAOS Rule 5.103(c).[13]

An ICAOS Bench Book provides further instruction related to "behavior requiring retaking":

> "Behavior requiring retaking" is defined in Rule 1.101 as an act or pattern of non-compliance with conditions of supervision that could not be successfully addressed through the use of documented corrective action or graduated responses and would result in a request for revocation of supervision in the receiving state. The definition of "behavior requiring retaking" has not been judicially construed; however, the language of the rule indicates that "behavior requiring retaking" is determined under the facts and laws of the receiving state. Therefore, it is conceivable that revocable acts or patterns of non-complaint behavior may vary from state-to-state.

IACOS Bench Book 4.3.1.[14]

If the offender does not return to the sending state as ordered, the sending state shall issue a warrant no later than 15 business days following the offender's failure to appear in the sending state. ICAOS Rule 4.111.[15]

Defendant Johnson submitted a violation report to Kansas, the sending state, based on Plaintiff's conduct, as required under the Compact and consistent with ICAOS Rule 4.106. Plaintiff alleges that Defendants Johnson and Nelson failed to inform Kansas of material

---

[12] ICAOS Rule 5.103. Offender behavior requiring retaking. https://interstatecompact.org/icaos-rules/chapter/ch5/rule-5-103. (Accessed October 6, 2023).
[13] ICAOS Rule 5.103. Offender behavior requiring retaking. https://interstatecompact.org/icaos-rules/chapter/ch5/rule-5-103. (Accessed October 6, 2023).
[14] ICAOS Bench Book 4.3.1 Violation Reports Requiring Retaking. https://interstatecompact.org/bench-book/ch4/4-3-1-violation-reports-requiring-retkaing. (Accessed on October 6, 2023).
[15] ICAOS Rule 4.111. Offenders returning to the sending state. https://interstatecompact.org/icaos-rules/chapter/ch4/rule-4-111. (Accessed October 6, 2023).



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

information; however, the information cited by Plaintiff in his Amended Complaint is not information required to be included by Defendants in violation reports, as outlined in IACOS Rule 4.109. Further, IACOS Rule 5.103 specifies that the sending state, in this case Kansas, must respond to violation reports from a receiving state and include what course of action the sending state wishes to take in response. Defendant Johnson provided to Kansas the information required pursuant to the Compact rules, and Kansas made the decision to retake Plaintiff, based on a finding that Plaintiff engaged in "behavior requiring retaking". Further, Plaintiff continues to allege that he was denied a hearing and notice of violations in the state of Oregon; however, as discussed above, as no such hearing in the receiving state is required under the Compact, as a matter of law.

Plaintiff fails to allege, and is unable to prove, that Kansas' retaking and/or revocation proceedings terminated on the merits in plaintiff's favor. *See Mark v. Seattle*, 242 Fed. Appx. 432, 433 (9th Cir. 2007) (district court properly granted summary judgment on malicious prosecution claim because he could not satisfy a necessary element: that the proceedings were terminated in his favor or were abandoned) (citations omitted). Plaintiff's claim for unconstitutional seizure and malicious prosecution under the Fourth Amendment fails to state a claim for relief and must be dismissed.

**C. *Plaintiff's count eight claim of violation the due process clause of the Fifth and Fourteenth Amendments against Defendants Nelson and Johnson in violation of 42 U.S.C. §1983 must be dismissed for failure to state a claim.***

**i. All of Plaintiff's claims against Defendant Cheryl Nelson must be dismissed for failure to state a claim.**

For the reasons stated in the preceding section, Defendant Nelson must be dismissed from this claim.



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

**ii. Plaintiff's count eight claim of violation the due process clause of the Fifth and Fourteenth Amendments against Defendants Nelson and Johnson in violation of 42 U.S.C. §1983 must be dismissed for failure to state a claim.**

Plaintiff alleges that he is entitled to due process in all probation proceedings. (ECF 29, ¶ 120). Plaintiff alleges that Defendants Nelson and Johnson deprived Plaintiff of his liberty interest and of fundamentally fair probation proceedings when they allegedly violated his probation and sought his revocation without the notice of formal charges, without conducting a probable cause hearing on the violation in the State of Oregon, and without giving Plaintiff the opportunity to obtain counsel and present evidence. (ECF 29, ¶ 122). Finally, Plaintiff alleges that as a result of Defendants Nelson and Johnson's conduct, his probation was unconstitutionally revoked. (ECF 29, ¶ 123).

The compacting states recognize that there is no "right" of any offender to live in another state and that duly accredited officers of a sending state may at all times enter a receiving state and there apprehend and retake any offender under supervision subject to the provisions of the Compact and its Bylaws and Rules. ORS 144.600(d), ICAOS Article I: Purpose.[16] The Oregon Department of Corrections adopts the standards for the interstate transfer of adult offender supervision set out in the official ICAOS rules. OAR 291-180-0252. A receiving state shall supervise offenders consistent with the supervision of other similar offenders sentenced in the receiving state, including the use of incentives, corrective actions, graduated responses, and other supervision techniques. ICAOS Rule 4.101.

In relevant part, IACOS Rule 5.108 provides that an "[a]n offender subject to retaking that may result in a revocation shall be afforded the opportunity for a probable cause hearing before a



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

neutral and detached hearing officer in or reasonably near the place where the alleged violation occurred. IACOS Rule 5.108.[17] However, this Rule does not define the nature of that hearing. Many courts have addressed the nature of the retaking hearing. An ICAOS Advisory Opinion addresses this issue more directly:

> For example, *Ogden v. Klundt,* 550 P.2d 36, 39 (Wash. Ct. App. 1976), the court held that the scope of review in the receiving state in a retaking proceeding was limited to a determination of: (1) the scope of the authority of the demanding officers; and (2) the identity of the person to be retaken. Allegations of due process violations in the actual revocation of probation or parole are matters properly addressed during proceedings in the sending states after the offender's return. *See, People ex rel. Crawford v. State*, 329 N.Y.S.2d 739 (N.Y. 1972); *State ex rel. Nagy v. Alvis*, 90 N.E.2d 582 (Ohio 1950); *State ex ex rel. Reddin v. Meekma*, 306 N.W.2d 664 (Wis. 1981); *Bills v. Shulsen*, 700 P.2d 317 (Utah 1985). While some courts have held that an offender subject to retaking may be entitled to a more robust due process hearing, those cases have generally dealt with circumstances where there is a great geographical distance between the sending and receiving states. * * *
>
> To be clear, an offender subject to retaking is entitled to due process both under Rule 5.108 and court precedence. However, the level of due process to which the offender is entitled may be less in the retaking context than in the actual revocation process. Offenders subject to revocation have a right to not to have their probation or parole arbitrarily revoked. Offenders subject to retaking enjoy Compact transfers purely as an exercise of discretion by the sending state; that is, there is minimal liberty interest involved because there is no "right" to transfer that creates a recognized liberty interest and there is no immediate danger of the offender's liberty interests will be irrevocably affected.

ICAOS Advisory Opinion 2-2005.[18]

---

[16] Interstate Compact for the Adult Offender Supervision statute: chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://interstatecompact.org/sites/default/files/pdf/legal/Compact_Preamble.pdf (accessed October 5, 2023).

[17] ICAOS Rule 5.108. https://interstatecompact.org/icaos-rules/chapter/ch5/rule-5-108. (accessed October 6, 2023).

[18] ICAOS Advisory Opinion 2-2005. https://interstatecompact.org/advisory-opinions/2-2005 (accessed October 6, 2023). Courts commonly cite ICAOS advisory opinions and ICAOS Bench Book. *See, e.g., State v. Brown*, 140 A.3d 768, 776, 777 n.5 (R.I. 2016); *Voerding v. Mahoney*, No. CV 09-73-H-DWM-RKS, 2010 U.S. Dist. LEXIS 32059 (D. Mont. Apr. 1, 2010); *In re*



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

The U.S. Supreme Court has held that the granting of probation or parole is a privilege, not a right guaranteed by the Constitution. Probation or parole comes as an "act of grace" to one convicted of a crime and may be coupled with conditions that a state deems appropriate under the circumstances of a given case. IACOS Bench Book 4.1 (citing *Escoe v. Zerbst*, 295 U.S. 490 (1935); *Burns v. United States*, 287 U.S. 216 (1932). Because there is no constitutional right, federal courts "recognize due process rights in an inmate only where the state has created a 'legitimate claim of entitlement' to some aspect of parole." *Id.* (citing *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996); *see also Futrick v. South Carolina Dept. of Probation, Parole & Pardon Services*, 576 S.E.2d 146, 149 (2002)).

Consequently, Plaintiff's efforts to seek damages for the lawful supervision of his probation in accordance with the Compact, fails. The process followed by Defendants in this case was constitutionally sufficient as a matter of law. Pursuant to the Compact, Plaintiff was subject to retaking and only enjoyed Compact transfer to Oregon purely as an exercise of discretion by the sending state; here, there is minimal liberty interest involved because there is no "right" to transfer that creates a recognized liberty interest and there is no immediate danger of the offender's liberty interests will be irrevocably affected, as Kansas – the sending state – would be the appropriate state for Plaintiff to raise allegations of due process violations. Where there is notice and a meaningful opportunity to be heard, the Fourteenth Amendment is satisfied. *Ludwig v. Astrue,* 681 F.3d 1047, 1053 (9th Cir. 2012). Plaintiff's claim for a violation of the due process clause of the Fifth and Fourteenth Amendments against Defendants Nelson and Johnson in violation of 42 U.S.C. § 1983 fails to state a claim for relief and must be dismissed.

---

*Paul*, No. A-3905-08T2, 2010 N.J. Super. Unpub. LEXS 1729 (N.J. Super. Ct. App. Div. Apr. 10, 2010). Bench Book 1.5. Interpretation of Interstate Compacts.



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

## VI. CONCLUSION

For the foregoing reasons, County Defendants respectfully request that this Court grant their Motion to Dismiss and dismiss this case against the County Defendants in its entirety with prejudice.

DATED this 16th day of October, 2023.

Respectfully submitted,

JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON

/s/ Veronica R. Rodriguez

Veronica R. Rodriguez, OSB No. 181818
Assistant County Attorney
*Of Attorneys for Multnomah County, Jocelyn Johnson, and Cheryl Nelson*



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138