**Trung D. Tu, OSB No. 004100**
Senior Deputy City Attorney
**PORTLAND CITY ATTORNEY'S OFFICE**
1221 SW Fourth Ave., Room 430
Portland, Oregon 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
Email: trung.tu@portlandoregon.gov

Of Attorneys for Defendants City of Portland, Noah Harding and Jonathan Ianos

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

**JASON MCGREW**, individually,

Plaintiff,

v.

**CITY OF PORTLAND**; **MULTNOMAH COUNTY**; **NOAH HARDING**, in his individual capacity; **JONATHAN IANOS**, in his individual capacity; **CHERYL NELSON**, in her individual capacity; and **JOCELYN K. JOHNSON**, in her individual capacity,

Defendants.

Case No. 3:23-cv-01082-HZ

**DEFENDANTS CITY OF PORTLAND, NOAH HARDING AND JONATHAN IANOS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

(Jury Trial Requested)

For their answer, affirmative defenses and counterclaim (collectively, "Answer") to the First Amended Complaint for Civil Rights Violations and for Violations of the Oregon Tort Claims Act for Assault, Battery, Negligence, Intentional Infliction of Emotional Distress and for Damages (ECF 29) ("FAC") filed by Plaintiff Jason McGrew ("Plaintiff" or "McGrew"), Defendants City of Portland ("City"), Noah Harding ("Harding") and Jonathan Ianos ("Ianos") (collectively, "City Defendants") hereby respond and allege as follows:

/// /// ///

## ANSWER

1. Paragraphs 14-19, 21, 53-70 and 105-123 are entirely directed at only Defendants Multnomah County ("County"), Cheryl Nelson ("Nelson") and/or Jocelyn K. Johnson ("Johnson") (collectively, "County Defendants"), and are not directed at any of the City Defendants. As such, those paragraphs do not require nor call for responses from the City Defendants, but to the extent that responses are required from the City Defendants, then the City Defendants deny them all.

2. The City Defendants admit paragraphs 29 and 72.

3. The City Defendants deny paragraphs 7, 23, 33, 35, 40-41, 45, 47-48, 51, 73-78, 80-82, 84-85, 88-89, 91-97, 100 and 102-104.

4. The City Defendants lack sufficient information to either admit or deny paragraphs 9, 20, 24, 38, 44, 46, 87 and 101, and therefore deny the same.

5. The City Defendants do not understand the confusing and nonsensical allegations contained in paragraphs 6, 8, 22, 39 and 86, and therefore deny the same.

6. Regarding paragraph 1, the City Defendants admit that the FAC asserts claims under 42 U.S.C. § 1983, requests recovery of attorneys' fees pursuant to 42 U.S.C. § 1988, and contains state law tort claims that are subject to the Oregon Torts Claims Act, codified at Or. Rev. Stat. §§ 30.260, *et seq.*, but denies the remainder of that paragraph.

7. For paragraphs 2 and 4, the City Defendants admit that venue in this Court is proper, and that this Court has federal question jurisdiction over the FAC's federal claims and pendent jurisdiction over the state law claims, but deny the remainder of those paragraphs as irrelevant.

8. With regard to paragraph 3, the City Defendants assert that this case was removed to this Court on July 25, 2023, not on July 26, 2023, and admit the remainder of that paragraph.

9. As for paragraph 5, the City Defendants admit that the City received two tort claim notices from Plaintiff, pursuant to Or. Rev. Stat. § 30.275, that are dated September 24, 2021 and January 26, 2022. However, the City Defendants lack sufficient information to either admit or deny the remainder of that paragraph, and therefore deny the same.



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

10. Regarding paragraphs 10-11 and 13, the City Defendants admit that at all material times alleged in the FAC, Officers Ianos and Harding were (and are still) employed by the City's Portland Police Bureau ("PPB") as law enforcement officers, but deny the remainder of those paragraphs as confusing, nonsensical, not understandable and overly broad.

11. For paragraph 12, the City Defendants admit that the City is a municipal corporation duly organized under Oregon law, but deny the remainder of that paragraph.

12. With regard to paragraph 25, the City Defendants deny that when Officers Ianos and Harding arrived at Hannah Hinkle's residence, they knew at the time that they had gone to the back door instead of the front door of her apartment. The City Defendants lack sufficient information to either admit or deny the remainder of that paragraph, and therefore deny the same.

13. As for paragraph 26, the City Defendants lack sufficient information to either admit or deny the first sentence, and therefore deny the same. The City Defendants deny the remainder of that paragraph.

14. Regarding paragraph 27, the City Defendants admit the first sentence. As for the second sentence, the City Defendants admit that a person who was pet sitting for a neighbor of Hannah Hinkle's had called 911 and reported that a white man with a large stick was smashing out windows and demanding money, but otherwise deny the remainder of that second sentence.

15. For paragraph 28, the City Defendants admit the first sentence, but deny that when Officers Ianos and Harding arrived at Hannah Hinkle's residence, they knew at the time that they had gone to the back door instead of the front door of the apartment. The City Defendants further deny the remainder of that paragraph and allege that when Officers Ianos and Harding arrived at Hinkle's residence, they saw that the premises had several windows that were smashed out, just like what was reported to the 911 dispatcher by the neighbor's pet sitter. Moreover, Plaintiff fit the exact same description of the perpetrator who was described by the neighbor's pet sitter.

16. With regard to paragraph 30, the City Defendants lack sufficient information to either admit or deny the first sentence, and therefore deny the same, and deny the remainder of



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

that paragraph. The City Defendants further assert that in response to Officers Ianos and Harding having informed Plaintiff that they were police officers who needed to check on the welfare of the woman inside and instructed him to open the door, Plaintiff stated that there was no one else inside the apartment besides him and he repeatedly refused to open the door for the police officers.

17. As for paragraph 31, the City Defendants admit that Officers Ianos and Harding repeatedly instructed Plaintiff to open the door and warned him that if he did not open the door for them, then they would kick the door in; but yet, Plaintiff refused to open the door for the officers, so they kicked the door in. The City Defendants deny the remainder of that paragraph.

18. Regarding paragraph 32, the City Defendants admit that Officers Ianos and Harding ordered Plaintiff to come out of Hinkle's apartment, and once he eventually came out, the officers instructed him to place his hands on the top of his head. The City Defendants deny the remainder.

19. For paragraph 34, the City Defendants deny the first sentence and deny that Officers Harding and Ianos had "violently" forced Plaintiff to the ground. The City Defendants admit the remainder of that paragraph.

20. With regard to paragraph 36, the City Defendants admit that Officer Ianos had delivered several closed-hand strikes to Plaintiff's face to stop Plaintiff from continuing to grab for Officer Ianos' gun and belt. The City Defendants deny the remainder of that paragraph.

21. As for paragraph 37, the City Defendants lack sufficient information to either admit or deny that Plaintiff has had a lifetime of pulmonary problems and a history of asthma, and therefore deny the same. The City Defendants deny the remainder of that paragraph.

22. Regarding paragraph 42, the City Defendants deny that they did not have probable cause to arrest Plaintiff for interference with a peace officer, resisting arrest, coercion – domestic violence, and criminal mischief. The City Defendants admit the remainder of that paragraph.

23. For paragraph 43, the City Defendants admit that Plaintiff was arrested by Officers Ianos and Harding, then booked into the Multnomah County jail, but otherwise deny the remainder of that paragraph.



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

24. With regard to paragraphs 49-50, the City Defendants deny that Officers Harding and Ianos had assaulted Plaintiff. The City Defendants lack sufficient information to either admit or deny the remainder of those paragraphs, and therefore deny the same.

25. As for paragraph 52, the City Defendants admit that Plaintiff sent a tort claims notice dated September 24, 2021, to the City and the City received it on September 30, 2021. However, the City Defendants deny that Plaintiff was assaulted by Officers Ianos or Harding.

26. Regarding paragraph 99, the City Defendants admit that Officers Ianos and Harding arrested Plaintiff and that Plaintiff was booked into jail, but deny that Plaintiff was held in custody for four nights as a result of his arrest by Officers Ianos and Harding.

27. For paragraphs 71, 79, 83, 90 and 98, the City Defendants deny and admit the allegations incorporated by those paragraphs just as the City Defendants deny and admit those same incorporated allegations herein.

28. The City Defendants have endeavored to answer each, and every single paragraph and allegation contained in the FAC. In the unlikely event that the City Defendants inadvertently failed to answer or respond to any of the paragraphs or allegations contained in the FAC, then the City Defendants hereby deny all of those paragraphs and allegations.

## AFFIRMATIVE DEFENSES

29. To the extent necessary, all of the admissions, denials and allegations made herein are hereby incorporated into each and every single one of the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

30. The FAC fails to allege sufficient facts to state a claim against the City Defendants.

### SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations and/or Statute of Ultimate Repose)

31. One or more of the FAC's claims for relief against the City Defendants are barred by the applicable statute of limitations and/or statute of ultimate repose.



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

**THIRD AFFIRMATIVE DEFENSE**

(Qualified Immunity)

32. Ianos and Harding are entitled to qualified immunity on all of Plaintiff's federal claims because a reasonable police officer in their particular circumstances and with their particular knowledge, would not have known that their conduct would have violated any of Plaintiff's federally protected rights.

**FOURTH AFFIRMATIVE DEFENSE**

(Discretionary Immunity)

33. Plaintiff's state law tort claims are based on the City's and/or its employees' alleged acts or omissions that are discretionary functions and/or duties for which the City is immune from liability pursuant to Or. Rev. Stat. §§ 30.265(5) and (6)(c).

**FIFTH AFFIRMATIVE DEFENSE**

(Immunity Based on Apparent Authority of Law)

34. Officers Ianos and Harding responded to a 911 call that reported a domestic disturbance occurring at Hannah Hinkle's apartment.

35. Based upon the facts known to the officers, their observations and interaction with Plaintiff, the officers had probable cause to believe that he had either assaulted Hinkle or had placed her in fear of imminent serious physical injury. As such, the officers were required to arrest Plaintiff, pursuant to Or. Rev. Stat. § 133.055(2)(a).

36. Since the officers were required to arrest Plaintiff pursuant to ORS 133.055(2)(a) and they did so in the scope of their employment or duties as police officers for the City, then in accordance with Or. Rev. Stat. § 30.265(6)(f), the City Defendants are immune from liability on the FAC's state law tort claims.

**SIXTH AFFIRMATIVE DEFENSE**

(Probable Cause)

37. Any arrest or seizure of Plaintiff by the City's officers was based on probable cause.



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

**SEVENTH AFFIRMATIVE DEFENSE**

(Reasonable Suspicion)

38. Any detention of Plaintiff by the City's officers was based on reasonable suspicion.

**EIGHTH AFFIRMATIVE DEFENSE**

(Objectively Reasonable Force)

39. If any of the City's police officers had used physical force on Plaintiff, then such force was objectively reasonable under the totality of the circumstances because Plaintiff's conduct, actions, resistance and behavior (including his attempt to grab for Officer Ianos' gun) created an immediate threat of death or serious bodily injury to the officers and others.

**NINTH AFFIRMATIVE DEFENSE**

(Justification and/or Privilege)

40. If any of the City's police officers had used physical force on Plaintiff, then such force was legally justified or legally privileged because the force was reasonably necessary for the officers to carry out and perform their duties as law enforcement officers, and were authorized by Or. Rev. Stat. §§ 161.205(5), 161.209 and 161.219(3), as well as by the common law.

**TENTH AFFIRMATIVE DEFENSE**

(Good Faith)

41. The actions taken by the City's police officers were done so in good faith.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Self-Defense)

42. The City's officers were justified and privileged to use physical force to protect themselves from Plaintiff based on their reasonable belief that he would cause them physical harm.

**TWELFTH AFFIRMATIVE DEFENSE**

(Defense of Others)

43. The City's officers were justified and privileged to use physical force to protect Hanna Hinkle from Plaintiff, based on their reasonable belief that he would physically injure her.



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Comparative Fault)

44. Plaintiff's damages, if any, were caused in whole or in part by Plaintiff's own conduct and/or negligence. The City Defendants are therefore entitled to a comparison of fault between them and Plaintiff, and have any damages award reduced accordingly.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Immunity from Punitive and Special Damages)

45. Pursuant to *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981), the City is absolutely immune from punitive or special damages on all of Plaintiff's claims brought pursuant to 42 U.S.C. § 1983; and pursuant to Or. Rev. Stat. § 30.269(1), punitive or special damages against the City are prohibited on all of Plaintiff's state law tort claims.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Oregon Tort Claim Act Limitation on Claims and Damages)

46. Plaintiff's state law tort claims that are asserted against the City Defendants are subject to all of the limitations, conditions and immunities contained in the Oregon Tort Claims Act, at ORS 30.260 *et. seq*.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

47. Plaintiff has failed to reasonably mitigate his damages, which bars or limits his recovery from the City Defendants.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Reservation of Right to Assert Additional Affirmative Defenses)

48. This case is still in its initial states and the parties have not conducted any discovery. So, the City Defendants presently have insufficient knowledge and/or information upon which to form a belief as to whether they may have additional, but yet unstated, affirmative defenses. As such, the City Defendants hereby reserve the right to assert additional affirmative defenses in the



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

event that discovery and/or other investigation indicate that additional affirmative defenses are appropriate and should be asserted.

## COUNTERCLAIM

(Attorneys' Fees)

49. When the City Defendants prevail against Plaintiff on his federal claim brought pursuant to 42. U.S.C. § 1983, then the City Defendants will be entitled to recover all of their reasonable attorneys' fees for defending against that claim, pursuant to 42 U.S.C. § 1988(b).

50. All of Plaintiff's state law tort claims that are asserted against the City Defendants in the FAC are objectively unreasonable. The City Defendants are therefore entitled to recover all of their reasonable attorneys' fees from Plaintiff for defending against those state law tort claims, pursuant to Or. Rev. Stat. § 20.105(1).

WHEREFORE, having fully answered Plaintiff's FAC, the City Defendants pray for judgment in their favor and against Plaintiff as follows:

(1) For dismissal of Plaintiff's entire FAC with prejudice;

(2) For a money award for all of the reasonable attorneys' fees, costs, disbursements and expenses that the City Defendants have incurred herein or as a result of this case; and

(3) For such other relief as the Court may deem just and appropriate.

**THE CITY DEFENDANTS REQUEST A JURY TRIAL OF THIS CASE.**

DATED: October 16, 2023

PORTLAND CITY ATTORNEY'S OFFICE

By: */s/ Trung D. Tu*
Trung D. Tu, OSB No. 004100
Senior Deputy City Attorney
Email: trung.tu@portlandoregon.gov
Telephone: (503) 823-3057
Of Attorneys for Defendants City of Portland, Noah Harding and Jonathan Ianos

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2023, I served or caused to be served a true and correct copy of the foregoing **DEFENDANTS CITY OF PORTLAND, NOAH HARDING AND JONATHAN IANOS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

Ms. Louren Oliveros, Esq.
OLIVEROS LAW, PLLC
50 Charles Lindbergh Blvd., Suite 205
Uniondale, NY 11553
Tel: (516) 310-4954; Fax: (516) 228-8390
Email: oliveros@trialwarrior.net

*Of Attorneys for Plaintiff Jason McGrew*

Ms. Veronica R. Rodriguez, Esq.
Assistant County Attorney
MULTNOMAH COUNTY ATTORNEY'S OFFICE
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214
Tel: (503) 988-3138; Fax: (503) 988-3377
E-mail: veronica.rodriguez@multco.us

*Of Attorneys for Defendants Multnomah County, Cheryl Johnson and Jocelyn K. Johnson*

☐ by **mail** in a sealed envelope, with postage fully prepaid, and deposited with the U.S. Postal Service in Portland, Oregon.

☐ by **hand delivery.**

☐ by **facsimile transmission.**

☐ by **email**, based on an agreement of the parties to accept service by e-mail or electronic transmission.

☒ by **electronic service** via the Court's CM/ECF electronic filing system for registered users.

DATED: October 16, 2023

*/s/ Trung D. Tu*
Trung D. Tu, OSB No. 004100
Senior Deputy City Attorney
Telephone: (503) 823-4047
Of Attorneys for Defendants City of Portland, Noah Harding and Jonathan Ianos