Oliveros Law, PLLC
Louren Oliveros, OSB No. 155386
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Tel. 516-310-4954
Fax 516-268-9678
Email: oliveros@trialwarrior.net
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

**JASON MCGREW,** Individually,

Plaintiff,

v.

**CITY OF PORTLAND, MULTNOMAH COUNTY, NOAH HARDING,** in his individual capacity, **JONATHAN IANOS,** in his individual capacity, **CHERYL NELSON**, in her individual capacity, and **JOCELYN K. JOHNSON**, in her individual capacity,

Defendants.

Case No. 3:23-CV-01082-HZ

**PLAINTIFF'S RESPONSE TO DEFENDANTS MULTNOMAH COUNTY, JOCELYN JOHNSON AND CHERYL NELSON'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Jason McGrew, by his attorney of record, Louren Oliveros of Oliveros Law, PLLC, submits the following response to Defendants Multnomah County, Jocelyn Johnson and Cheryl Nelson's ("County Defendants") Motion to Dismiss Plaintiff's First Amended Complaint ("Amended Complaint").

## I. RESPONSE TO RULE 7.1 CERTIFICATION

Counsel for the County Defendants conferred on the Motion to Dismiss with respect to Plaintiff's constitutional claims as set forth in the Motion. [Doc. 31, p.1]. Both phone calls



Oliveros Law, PLLC
Louren Oliveros, OSB No. 155386
Uniondale, NY 11553
Tel. 516-310-4954
Fax 516-268-9678
oliveros@trialwarrior.net

referenced in the Motion and counsel's letter of Sept. 22, 2023 reflected a discussion related to the due process arguments and the County Defendants' interpretation of Plaintiff's constitutional rights in light of the Interstate Commission for Adult Offender Supervision (ICAOS) Advisory Opinion. See Declaration of Louren Oliveros attached as Exhibit 1.

County Defendants did not confer with Plaintiff about the dismissal of Count Six, intentional infliction of emotional distress ("IIED") or Count Seven, violation of the Fourth Amendment for malicious prosecution. As such, the County Defendants have not conferred with Plaintiff within the meaning of Local Rule 7.1, and this Motion should, therefore, be denied. In the alternative, Plaintiff seeks to amend his Complaint to cure deficiencies in the First Amended Complaint. [Doc. 29].

## II. INTRODUCTION

First, the County Defendants seek to dismiss Plaintiff's First Amended Complaint on the grounds that there was no notice to the County on Plaintiff's potential claims and that the County Defendants' conduct cannot reasonably constitute outrageous conduct for Plaintiff to bring his IIED claim (Count Six) to a jury. Second, Defendants contend that Plaintiff cannot satisfy the elements of malicious prosecution (Count Seven). Finally, Defendants contend that Plaintiff has no legitimate due process claim (Count Eight) against Defendants Johnson or Nelson in the receiving state, Oregon. Defendants, however, overlook both legal precedent as well as facts alleged in Plaintiff's Amended Complaint in their analysis of the applicable law and facts. As such, Defendants' Motion should be denied.

## III. LEGAL STANDARD OF REVIEW FOR MOTION TO DISMISS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. *Navarro v. Block*, 250 F.3d 729,


Oliveros Law, PLLC
Louren Oliveros, OSB No. 155386
Uniondale, NY 11553
Tel. 516-310-4954
Fax 516-268-9678
oliveros@trialwarrior.net

732 (9th Cir. 2001). A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim upon which relief may be granted, the Court accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

If the allegations are insufficient to state a claim, a court should grant leave to amend unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990). In general, leave to amend should be freely granted. Fed. R. Civ. P. 15(a)(2); *see also Desertrain v. City of L.A.*, 754 F.3d 1147, 1154 (9th Cir. 2014) ("[T]his policy is to be applied with extreme liberality.") (quoting *Morongo Band of Mission Indians v.*



Oliveros Law, PLLC
Louren Oliveros, OSB No. 155386
Uniondale, NY 11553
Tel. 516-310-4954
Fax 516-268-9678
oliveros@trialwarrior.net

*Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)); *Handy v. Lane Cnty.*, 585 F App'x 570, 2-3 (9th Cir 2014).

## IV. OBJECTION TO DECLARATION OF VERONICA R. RODRIGUUEZ AND EXHIBIT 1 ATTACHED TO THE SAME.

County Defendants impermissibly request that the Court take judicial notice of Plaintiff's alleged conditions of probation by attaching an unauthenticated, undated document purported to be Plaintiff's "probation conditions" to County Attorney Rodriguez' Declaration in support of Motion to Dismiss. [Doc. 32, Ex. 1]. Plaintiff never signed nor initialed any conditions of probation. See Declaration of Louren Oliveros attached as Ex. 1. The County further argues that the Compact and the conditions of Plaintiff's probation were referenced in the Amended Complaint and that because of the reference, the authenticity of the conditions of Plaintiff "is not in question." The County errs in this self-serving legal conclusion.

Indeed, Plaintiff references the Interstate Compact for the Supervision of Adult Offender ("The Compact"), [Doc. 29, ¶14], in order to provide context for the allegations of why Defendants Johnson and Kline exercised supervision of Plaintiff. Plaintiff, however, does not specifically reference each of Plaintiff's conditions of probation. Plaintiff alleges that the County modified the terms of Plaintiff's probation without a hearing or notice by adding a new, special condition of probation "unrelated to Plaintiff's original marijuana conviction…"). [Doc. 29, ¶¶54-55].

Plaintiff objects to Exhibit 1 of County Attorney Rodriguez' Declaration and urges the Court to exclude Exhibit 1 because it is improperly considered under Rule 12(b)(6). Plaintiff did not incorporate Exhibit 1 to the Amended Complaint and further Plaintiff does not concede that


Oliveros Law, PLLC
Louren Oliveros, OSB No. 155386
Uniondale, NY 11553
Tel. 516-310-4954
Fax 516-268-9678
oliveros@trialwarrior.net

Exhibit 1 is authentic. As such, Plaintiff requests that the Court exclude Ex. 1 and all references to it.

Although the Court may take judicial notice of the existence of public records or court documents, it may not take judicial notice of disputed facts in those documents. *See*, *e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); *Hotel Employees and Restaurant Employees Local 2 v. Vista Inn Management Co*., 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005); Fed. R. Evid. 201. Here, the County Defendants' attachment of unauthenticated probation records that are not public records violates Fed. R. Evid. 201. In the event that Exhibit 1 to Ms. Rodriguez' Declaration in support of the County's Motion to Dismiss is considered by the Court, such a consideration would convert the Motion to Dismiss to a Motion for Summary Judgment. In that instance, Plaintiff requires and would seek an appropriate extension of time, the opportunity to conduct discovery and supplemental briefing in order to properly and adequately respond to the Motion for Summary Judgment.

V. RESPONSE TO DEFENDANTS' LEGAL ARGUMENT

A. COUNT SIX – IIED

1. Plaintiff alleged timely notice under the Oregon Tort Claims Act.

Plaintiff's Amended Complaint, [Doc. 29, ¶5], alleges that "On or about October 14, 2022 written notice of this claim was provided to Multnomah County within the meaning of the Oregon Tort Claims Act, O.R.S. §30.275". Additionally, Multnomah County had timely actual notice of Plaintiff's claims." Plaintiff was arrested pursuant to a warrant on October 5, 2022. [Doc. 29, p.16, ¶68]. The Amended Complaint alleges that "As a direct result of the unconstitutional probation violation report generated by Defendants Johnson and Nelson, the State of Kansas issued an arrest warrant for Plaintiff on or around November 4, 2021". *Id.*, at 66.



Oliveros Law, PLLC
Louren Oliveros, OSB No. 155386
Uniondale, NY 11553
Tel. 516-310-4954
Fax 516-268-9678
oliveros@trialwarrior.net

The Amended Complaint further states that "Plaintiff spent the next year of his life under fear of being arrested pursuant to an arrest warrant based on the unconstitutional and unlawful probation violation." *Id.*, at 67.

The harm caused to Plaintiff was continuing from the time the probation violation was submitted to Kansas until the hour of his arrest on October 5, 2022. *Id.*, at 68. Plaintiff was further irreparably harmed when he was jailed pursuant to the warrant. When a motion to dismiss is based on a failure to comply with ORS 30.275(2)(b), the court asks "[i]f the *only* conclusion a reasonable jury could have reached was that plaintiff should have discovered that" he or she had a potential claim more than 180 days before giving notice under ORS 30.275(2)(b). *T. R. v. Boy Scouts of America*, 344 Or. 282, 289, 181 P.3d 758, *cert. den*, 555 U.S. 825, 129 S. Ct. 146, 172 L.Ed.2d 40 (2008) (emphasis added); *Curzi v. Or. State Lottery*, 286 Or. App. 254, 263 (Ct. App. 2017). In the event of a continuing tort, such as in this case, timely OTCA notice need only be made at "any time during the continuance of the conduct or within 180 days after its conclusion". See *Holdner v. Columbia County*, 51 Or. App. 605, 613, 627 P.2d 4 (1981).

In the light most favorable to Plaintiff, the Amended Complaint adequately alleges notice to the County. The County further contends that this lawsuit was not commenced timely, however, that argument was not elaborated on or supported by the Motion. Nonetheless, Plaintiff contends that the County Defendants' conduct caused his fear of arrest as well as his unlawful confinement from October 5 through October 14, 2022. The original Complaint naming Johnson and Nelson, among others, was filed on July 14, 2023. The Amended Complaint was filed on October 2, 2023. As such, the Complaint was timely filed.

2. <u>Plaintiff has sufficiently alleged that County Defendants acted outrageously.</u>



Oliveros Law, PLLC
Louren Oliveros, OSB No. 155386
Uniondale, NY 11553
Tel. 516-310-4954
Fax 516-268-9678
oliveros@trialwarrior.net

The County Defendants omit facts relevant to the outrageous conduct element in their analysis of whether Plaintiff sufficiently stated a claim for IIED. Defendants solely refer to Doc. 29, ¶¶106-107, down-playing Plaintiff's claims by selective omission. [Doc. 31, p.8]. The ease with which the County Defendants disregard the constitutional safeguards that protect a probationer from being sent to prison or jail for violations of special conditions of probation that are imposed without judicial authority lies at the heart of this case. When law enforcement abandons an unconstitutional criminal prosecution, does the constitution allow the probation department to pinch-hit and divert attention from law enforcement by using their authority to revoke probation without giving so much as a formal notice or a hearing? Plaintiff contends that they cannot. Plaintiff's Amended Complaint, however, alleges more than the mere request for a hearing and for process. County Defendants ignore multiple allegations in the Amended Complaint which, when taken together, and in light of the special relationship between Plaintiff and the County Defendants who supervised his probation, should be submitted for a jury to decide whether the facts constitute conduct that is outrageous within the meaning of a claim for IIED.

In reviewing facts that should be heard by a jury, the Amended Complaint alleges that the County Defendants never told Kansas the following information alleged in Doc. 29, ¶60:

a. That Ms. Hinkle has been known to cause property damage to her own personal property;

b. That Ms. Hinkle suffered from mental illness and was susceptible to confusion;

c. That Ms. Hinkle was evicted from her home after the August 7, 2021 law enforcement assault of Plaintiff at her home and she was homeless and in a state of desperation in August and September of 2021;



Oliveros Law, PLLC
Louren Oliveros, OSB No. 155386
Uniondale, NY 11553
Tel. 516-310-4954
Fax 516-268-9678
oliveros@trialwarrior.net

d. That the no contact order caused Ms. Hinkle increased distress, anxiety and isolation from her support system, which worsened her condition and worsened her ability to function as she had been before the assault;

e. That Ms. Hinkle had broken into Plaintiff's home on or around September 20, 2021 because of the no contact order and that Ms. Hinkle was confused about the no contact order; and

f. That on September 20, 2021 PO Johnson found that it was "impossible to determine what [was] actually happening" with Plaintiff and Ms. Hinkle.

The County Defendants further fail to acknowledge the allegations in Plaintiff's Amended Complaint that Defendant Johnson contacted Plaintiff and pressured him to drop the charges against Defendant Ianos. [Doc. 29, ¶56]. When Plaintiff refused, Defendant Johnson initiated proceedings against Plaintiff by recommending that Plaintiff's probation be immediately revoked and falsely claiming that Plaintiff violated terms of probation that did not exist. [Doc. 29, ¶57-59].

In addition to cherry-picking facts from the Amended Complaint, and omitting others, the County Defendants attempt to dodge the consequences for their outrageous conduct and justify the same by arguing that they had no authority to conduct a hearing. According to the law cited by the County Defendants, however, they had the authority and duty to hold a hearing in Oregon. Advisory Opinion 2-2005, [Doc. 32, ¶¶174-175], cited by the County Defendants states that:

> **While other courts have held that an offender subject to retaking may be entitled to a more robust due process hearing, those cases have generally dealt with circumstances where there is a great geographical distance between the sending and receiving states**. In *California v. Crump*, 433 A.2d 791, (N.J. Super. Ct. App. Div. 1981), for example, the court held that before an offender could be returned to the sending state pursuant to the ICPP, the trial court was required – considering the distance between California and New Jersey – to conduct an on-site probable cause hearing and determine



Oliveros Law, PLLC
Louren Oliveros, OSB No. 155386
Uniondale, NY 11553
Tel. 516-310-4954
Fax 516-268-9678
oliveros@trialwarrior.net

> whether a *prima facie* case of violation was established. **Relying on *Morrissey* and *Gagnon*, the court held that due process requires some minimal inquiry be conducted at or reasonably near the place of the alleged violation as promptly as possible while information is fresh and sources are available. The court noted that, "It may be that evidence at the hearing will demonstrate that appellant at all times attempted to comply with the conditions of probation but was prevented from doing so by administrative confusion, as his attorney suggests. Or it may appear that appellant has been uncooperative and obdurate in performing his end of his bargain for his liberty.** This may swiftly be determined and he will be fairly returned to the sending sovereign. *California v. Crump*, 433 A.2d at 794. See also, *Fisher v. Crist*, 594 P.2d 1140, (Mont. 1979); *State v. Maglio*, 459 A.2d 1209 (N.J. Super. Ct. 1979)(when a sentencing state is a great distance from a supervising state, an offender can request a hearing to determine if a *prima facie* case of probation violation has occurred; the hearing will save the defendant the inconvenience of returning to that state if there is absolutely no merit to a probation violation.

(Emphasis added).

For these reasons, Plaintiff has sufficiently stated a claim for IIED and the County Defendants' Motion should be denied.

B. COUNT SEVEN – MALICIOUS ABUSE OF PROCESS

1. Claim against Cheryl Nelson

County Defendants contend, without providing evidence or entering a stipulation, that Defendant Cheryl Nelson retired from the County on August 30, 2021. If that is true and the County will so stipulate on the record that Defendant Nelson had no role in Plaintiff's supervision after August 30, 2021, Plaintiff will agree to dismiss Defendant Nelson from the lawsuit.

2. Plaintiff seeks to amend his 42 U.S.C. §1983 Claims of Malicious Prosecution against Defendants Nelson and Johnson.

Federal courts rely on state common law for elements of malicious prosecution. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). *Mills v. City of*



Oliveros Law, PLLC
Louren Oliveros, OSB No. 155386
Uniondale, NY 11553
Tel. 516-310-4954
Fax 516-268-9678
oliveros@trialwarrior.net

*Covina*, 921 F.3d 1161, 1169 (9th Cir 2019). In Oregon, Plaintiff's claim of malicious prosecution required him to establish the following elements: (1) the institution or continuation of criminal proceedings; (2) by or at the insistence of the defendant; (3) termination of such proceedings in the plaintiff's favor; (4) malice in instituting the proceedings; (5) lack of probable cause for the proceedings; and (6) injury or damage as a result. *See Rose (Betty) v. Whitbeck*, 277 Or. 791, 795, 562 P.2d 188, *modified on denial of reh'g* , 278 Or. 463, 564 P.2d 671 (1977); *Miller v. Columbia Cnty.*, 282 Or. App. 348, 360 (Ct. App. 2016).

Termination of the proceedings in Plaintiff's favor may be established by the abandonment of proceedings. See *Gumm v. Heider*, 220 Or. 5, 24 (1960)(recognizing that the rule as to favorable termination is satisfied when the prosecution is abandoned, either by the prosecuting attorney or the complaining witness); 34 Am Jur 723, Malicious Prosecution § 34; 54 CJS 1023, Malicious Prosecution § 55. Abandonment has been found even when dismissal had not been ordered by the court. See *Shaw v. Moon*, 117 Or. 558, 565 (1926); *Gumm*, 220 Or. at 24-26.

In the present case, Plaintiff's probation violation case was abandoned. [Doc. 32, Ex .3]. Plaintiff's Extradition Case Register showing the case closed on Oct. 6, 2022. Plaintiff concedes that the Complaint lacks this allegation. Plaintiff, therefore, seeks leave to amend his Complaint as such amendment would not be futile as set forth herein, and because leave to amend should be freely granted.

C. COUNT EIGHT – DUE PROCESS

1. <u>Claim against Cheryl Nelson</u>

County Defendants contend, without providing evidence or entering a stipulation,



Oliveros Law, PLLC
Louren Oliveros, OSB No. 155386
Uniondale, NY 11553
Tel. 516-310-4954
Fax 516-268-9678
oliveros@trialwarrior.net

that Defendant Cheryl Nelson retired from the County on August 30, 2021. If that is true and the County will so stipulate on the record that Defendant Nelson had no role in Plaintiff's supervision after August 30, 2021, Plaintiff will agree to dismiss Defendant Nelson from the lawsuit.

2. Plaintiff has sufficiently stated a 42 U.S.C. §1983 against Defendants Nelson and Johnson for due process violations.

County Defendants' contention that Plaintiff's "efforts to seek damages for the lawful supervision of his probation in accordance with the Complaint, fails" misstates the allegations in Count Eight of the Complaint. [Doc. 29, p. 24, ¶¶119 to 123]. Plaintiff does not base the constitutional violation upon a violation of the ICAOS. The Due Process violations against Defendants Nelson and Johnson are based on their conduct depriving "Plaintiff of his liberty interest and of fundamentally fair probation proceedings when they violated his probation and sought his revocation without a notice of the formal charge, without conducting a probable cause hearing on the violation in the State of Oregon, and without giving Plaintiff the opportunity for Plaintiff to obtain counsel and present evidence." *Id.*, at ¶123.

The County Defendants cite to ICAOS Advisory Opinion 2-2005, yet ignore the relevant part of the opinion, [Doc. 32, ¶¶174-176], which states:

> While other courts have held that an offender subject to retaking may be entitled to a more robust due process hearing, those cases have generally dealt with circumstances where there is a great geographical distance between the sending and receiving states. In *California v. Crump*, 433 A.2d 791, (N.J. Super. Ct. App. Div. 1981), for example, the court held that before an offender could be returned to the sending state pursuant to the ICPP, the trial court was required – considering the distance between California and New Jersey – to conduct an on-site probable cause hearing and determine whether a *prima facie* case of violation was established. **Relying on *Morrissey* and *Gagnon*, the court held that due process requires some minimal inquiry be conducted at or reasonably near the place of the alleged violation as promptly as possible while information is**



Oliveros Law, PLLC
Louren Oliveros, OSB No. 155386
Uniondale, NY 11553
Tel. 516-310-4954
Fax 516-268-9678
oliveros@trialwarrior.net

**fresh and sources are available. The court noted that, "It may be that evidence at the hearing will demonstrate that appellant at all times attempted to comply with the conditions of probation but was prevented from doing so by administrative confusion, as his attorney suggests. Or it may appear that appellant has been uncooperative and obdurate in performing his end of his bargain for his liberty.** This may swiftly be determined and he will be fairly returned to the sending sovereign. *California v. Crump*, 433 A.2d at 794. See also, *Fisher v. Crist*, 594 P.2d 1140, (Mont. 1979); *State v. Maglio*, 459 A.2d 1209 (N.J. Super. Ct. 1979)(when a sentencing state is a great distance from a supervising state, an offender can request a hearing to determine if a *prima facie* case of probation violation has occurred; the hearing will save the defendant the inconvenience of returning to that state if there is absolutely no merit to a probation violation.

Here, as contemplated above in Advisory Opinion 2-2005, and as set forth in paragraph 60 of the Amended Complaint, Defendants Johnson and Nelson omitted known material information to Kansas including the following:

a. That Ms. Hinkle has been known to cause property damage to her own personal property;

b. That Ms. Hinkle suffered from mental illness and was susceptible to confusion;

c. That Ms. Hinkle was evicted from her home after the August 7, 2021 law enforcement assault of Plaintiff at her home and she was homeless and in a state of desperation in August and September of 2021;

d. That the no contact order caused Ms. Hinkle increased distress, anxiety and isolation from her support system, which worsened her condition and worsened her ability to function as she had been before the assault;

e. That Ms. Hinkle had broken into Plaintiff's home on or around September 20, 2021 because of the no contact order and that Ms. Hinkle was confused about the no contact order; and

f. That on September 20, 2021 PO Johnson found that it was "impossible to determine what [was] actually happening" with Plaintiff and Ms. Hinkle.



Oliveros Law, PLLC
Louren Oliveros, OSB No. 155386
Uniondale, NY 11553
Tel. 516-310-4954
Fax 516-268-9678
oliveros@trialwarrior.net

Mr. McGrew was deprived of the opportunity to show a judge that he tried to comply with the condition, but that he was unable to do so in light of the mental health issues at play. See also Amended Complaint, at ¶¶54, 55, 56, 57, 58 and 59.

The County Defendants improperly persuade this Court to overlook the relevant portions of ICAOS Advisory Opinion 2-2005 requiring a due process hearing by omitting citations to that portion of the opinion and by emphasizing that "this Rule does not define the nature of that hearing." [Doc. 31, p.17]. The County Defendants then blindly claim that "The process followed by Defendants in this case was constitutionally sufficient as a matter of law" and that "Where there is notice and a meaningful opportunity to be heard, the Fourteenth Amendment is satisfied," *Id.*, at p.18.

Yet, the County Defendants have not, and could not, support these bald, conclusory statements. The undisputed facts show that Kansas was not geographically close to Oregon, Doc. 29, at ¶62, and that **Mr. McGrew received no written notice of his probation violation and no hearing at all in the State of Oregon** before or after the County Defendants initiated revocation proceedings against Plaintiff. See *Id.*, at ¶63 (emphasis added).

Contrary to Advisory Opinion 2-2005 cited by the County Defendants, the County Defendants claim that "Kansas – the sending state – would be the appropriate state for Plaintiff to raise allegations of due process violations." [Doc. 31, p.18]. However, Rule 5.108(a) provides: "An offender subject to retaking for violation of conditions of supervision that may result in a revocation shall be afforded the opportunity for a probable cause hearing before a neutral and detached hearing officer *in or reasonably near the place where the alleged violation occurred."* (Emphasis added). Federal District Court Judge Anna Brown in *Clavette v. Persels*, 3:13-CV-0058-BR, at *10 (D. Or. Nov 4, 2013), recognized that such a hearing would be held in


Oliveros Law, PLLC
Louren Oliveros, OSB No. 155386
Uniondale, NY 11553
Tel. 516-310-4954
Fax 516-268-9678
oliveros@trialwarrior.net

the receiving state (in this case, Oregon). Judge Brown's take on process that should be afforded in such a circumstance provides guidance in this case:

> Here the violation alleged by Plaintiff occurred in Washington. Thus, even if Plaintiff was entitled to a probable-cause hearing before being retaken (which Defendant contends he was not) and even if Plaintiff could bring an action under § 1983 for violation of ICAOS Rules related to probable-cause hearings, the Court concludes that hearing would have been required to be held by WDOC or Washington probation or parole authorities.

*Clavette*, 3:13-CV-0058-BR, at *10 (concluding that Plaintiff cannot bring a claim under § 1983 for violation of his right to due process under the Fourth, Fifth, or Fourteenth Amendments based on alleged violations of ICAOS). Here, Plaintiff's due process allegations are not based on violations of the ICAOS. Rather, Plaintiff's due process allegations are based on the unique facts of this case and the complete lack of process that he was afforded by the County Defendants as set forth above.

Plaintiff contends that his due process rights were violated by the conduct of the Defendants as set forth in paragraphs 53 through 70 and paragraphs 119 through 124 of the Amended Complaint, and not as a result of the violation of the ICAOS rules. See *Lucero v. Pennella*, 1:18-cv-01448-LJO-SAB, at *11 (ED Cal, July 25, 2019) ("The Court agrees that when reading the Complaint, particularly when it is liberally construed, it does not appear that Plaintiff is alleging his rights were violated as a result of ICAOS rules or lack thereof. Therefore, Defendants' argument that there is no private right of action to enforce the Interstate Compact does not provide a legitimate basis to dismiss the allegations in the Complaint."). As such, Plaintiff has sufficiently stated a claim and the County Defendants' Motion should be denied.

## VI. PRAYER



Oliveros Law, PLLC
Louren Oliveros, OSB No. 155386
Uniondale, NY 11553
Tel. 516-310-4954
Fax 516-268-9678
oliveros@trialwarrior.net

FOR THE FOREGOING REASONS, Plaintiff Jason McGrew respectfully requests that this Court deny County Defendants' Motion to Dismiss in its entirety. Additionally, Plaintiff requests leave to file an amended complaint, and for whatever other relief this Court deems just and proper.

Dated this 15th day of November 2023.

OLIVEROS LAW, PLLC

______________________________

Louren Oliveros, OSB No. 155386
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Tel. (516) 310-4954
Fax: (516) 268-9678
Email: oliveros@trialwarrior.net
*Attorney for Plaintiff*



Oliveros Law, PLLC
Louren Oliveros, OSB No. 155386
Uniondale, NY 11553
Tel. 516-310-4954
Fax 516-268-9678
oliveros@trialwarrior.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 15, 2023 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system. I further certify that I served or caused to be served the foregoing by email at the email addresses listed below.

Veronica R. Rodriguez
Assistant County Attorney
veronica.rodriguez@multco.us
*Attorneys for Defendants Multnomah County, Cheryl Nelson and Jocelyn Kline-Johnson*

Trung D. Tu
Portland City Attorney's Office
trung.tu@portlandoregon.gov
*Attorneys for Defendants City of Portland, Noah Harding and Johnathan Ianos*

*/s/ Louren Oliveros*
Louren Oliveros



Oliveros Law, PLLC
Louren Oliveros, OSB No. 155386
Uniondale, NY 11553
Tel. 516-310-4954
Fax 516-268-9678
oliveros@trialwarrior.net

Louren Oliveros, OSB No. 155386
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Tel. 516-310-4954
Fax 516-268-9678
Email: oliveros@trialwarrior.net
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **JASON MCGREW,** Individually,<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF PORTLAND, MULTNOMAH COUNTY, NOAH HARDING,** in his individual capacity, **JONATHAN IANOS,** in his individual capacity, **CHERYL NELSON,** in her individual capacity, and **JOCELYN K. JOHNSON**, in her individual capacity,<br><br>Defendants. | Case No. 3:23-CV-01082-HZ<br><br>**DECLARATION OF LOUREN OLIVEROS IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS MULTNOMAH COUNTY, JOCELYN JOHNSON AND CHERYL NELSON'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

I, Louren Oliveros, do declare as follows:

1. I am the attorney of record for Plaintiff in the above-captioned matter.
2. I am a registered attorney in Oregon and my State Bar ID is 155386. I am also licensed in the State of New Mexico and New York. My primary office is in New York.



Louren Oliveros, OSB No. 155386
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Tel. 516-310-4954 Fax 516-268-9678
oliveros@trialwarrior.net

3. I make this Declaration in support of Plaintiff's Response to Defendants Multnomah County, Jocelyn Johnson and Cheryl Nelson's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. 31].

4. Plaintiff objects to Exhibit 1 to the Declaration of Veronica R. Rodriguez [Doc. 32], filed October 16, 2023. Exhibit 1 is undated and it is not authentic. Plaintiff never signed nor initialed any conditions of probation. As such, undersigned counsel contends that Exhibit 1 must be excluded from the Court's consideration in evaluating the Defendants' Motion to Dismiss.

5. Plaintiff's Exhibit 2 is Plaintiff's First Amended Complaint [Doc. 29], filed October 2, 2023 and attached for reference.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON THIS 15th DAY OF NOVEMBER 2023.**

OLIVEROS LAW, PLLC

Louren Oliveros, OSB No. 155386
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Tel. (516) 310-4954
Fax: (516) 268-9678
oliveros@trialwarrior.net
*Attorney for Plaintiff*



Louren Oliveros, OSB No. 155386
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Tel. 516-310-4954 Fax 516-268-9678
oliveros@trialwarrior.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 15, 2023 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and that all participants in the case are registered users and that service will be accomplished by the CM/ECF system. I further certify that I served or caused to be served the foregoing by email at the addresses listed below.

Veronica R. Rodriguez
Assistant County Attorney
veronica.rodriguez@multco.us
*Attorneys for Defendants Multnomah County, Cheryl Nelson and Jocelyn Kline-Johnson*

Trung D. Tu
Portland City Attorney's Office
trung.tu@portlandoregon.gov
*Attorneys for Defendants City of Portland, Noah Harding and Johnathan Ianos*

Louren Oliveros



Louren Oliveros, OSB No. 155386
Oliveros Law, PLLC
50 Charles Lindbergh Blvd, Ste. 205
Uniondale, NY 11553
Tel. 516-310-4954 Fax 516-268-9678
oliveros@trialwarrior.net