JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON
Veronica R. Rodriguez, OSB No. 181818
Assistant County Attorney
Multnomah County Attorney
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214
Telephone: (503) 988-3138
Facsimile: (503) 988-3377
E-mail: veronica.rodriguez@multco.us
*Of Attorneys for Multnomah County, Jocelyn Johnson and Cheryl Nelson*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| JASON MCGREW, individually,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PORTLAND, MULTNOMAH COUNTY, NOAH HARDING, in his individual capacity, JONATHAN IANOS, in his individual capacity, CHERYL NELSON, in her individual capacity, JOCELYN K. JOHNSON, in her individual capacity,<br><br>Defendants. | No. 3:23-CV-01082-HZ<br><br>DEFENDANTS MULTNOMAH COUNTY, JOCELYN JOHNSON AND CHERYL NELSON'S REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT |

## I. REPLY

Defendants Multnomah County, Jocelyn Johnson and Cheryl Nelson ("County Defendants") submit the following Reply in support of their motion to dismiss Plaintiff's *First*

*Amended Complaint* ("FAC") for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). This Reply is supported by the memorandum of law set forth below and the pleadings on file herein.

## II. INTRODUCTION

In his Response to the County Defendants' motion to dismiss, Plaintiff has again failed to show that he has pled facts sufficient to state a claim upon which relief may be granted, even accepting all of Plaintiff's factual allegations as true and construing the FAC in the light most favorable to Plaintiff. For the reasons stated below, Plaintiff's FAC should be dismissed.

## III. ARGUMENT

### *A. Reply to Response to Local Rule ("LR") 7.1 Certification*

Plaintiff argues that the parties did not confer regarding Plaintiff's state law claims and that, on that basis, the County Defendants' motion should be dismissed. However, counsel for the County Defendants conferred with Plaintiff's counsel regarding Plaintiff's failure to provide notice to the County Defendants, as required under Oregon to the Oregon Tort Claims Act § 30.275 ("OTCA") during their conferral call on September 22, 2023, as well as Plaintiff's constitutional claims. The County Defendants' counsel followed up with an email, wherein she further flushed out reasons why the County Defendants should be dismissed. A second conferral call was held on October 13, 2023, prior to Plaintiff's filing of his *First Amended Complaint* ("FAC"). The parties have conferred as required under LR-7.1.[1]

[1] Plaintiff cites the "Declaration of Louren Oliveros attached as Exhibit 1" in this section; however, the County Defendants are unsure for what reason, as the declaration does not include any statements regarding conferral.



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

### B. *Reply to Plaintiff's Introduction*

Plaintiff misstates the County Defendants' arguments for dismissal in his Introduction and, for that reason, the County Defendants believe some clarification may be useful for the Court. Plaintiff states that "County Defendants seek to dismiss Plaintiff's [FAC] on the grounds that there was no notice to the County on Plaintiff's potential claims…" (ECF 36, p. 2). However; the County Defendants argue in their motion to dismiss that Plaintiff cannot, in good faith, plead that he provided the County Defendants with notice, as required under OTCA. In Plaintiff's FAC, he fails to state facts sufficient to establish that he has complied with the OTCA.

Plaintiff states that the County Defendants' also seek dismissal on the basis that "County Defendants' conduct cannot reasonably constitute outrageous conduct" sufficient for Plaintiff to bring an intentional infliction of emotional distress ("IIED") claim. *Id.* However, the County Defendants argue that Plaintiff's IIED claim is time-barred and also fails as a matter of law.

Regarding Plaintiff's malicious prosecution claim, Plaintiff states that the County Defendants "contend that Plaintiff cannot satisfy the elements" for an action for malicious prosecution. However, the County Defendants argue that Plaintiff has not properly plead the claim to entitle him to relief. Finally, Plaintiff states that the County Defendants "contend that Plaintiff has no legitimate due process claim". *Id.* To clarify, the County Defendants argue that Plaintiff's due process claim fails as a matter of law.

### C. *Reply to Plaintiff's Objection to Declaration of Veronica R. Rodriguez and Exhibit 1 Attached to Same*

Plaintiff asks the Court to exclude Exhibit 1, attached to the Declaration of Veronica R. Rodriguez, on the basis that it is "unauthenticated" and "undated." (ECF 36). Further, Plaintiff's counsel declares that "Plaintiff never signed nor initialed any conditions of probation." (ECF 37).



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

However, Plaintiff's counsel fails to establish that this statement is sufficiently based on personal knowledge to support this declaration. Plaintiff's counsel's statement should not be considered by the Court due to this lack of requisite proof.

In an effort to confer on this matter, the County Defendants provided Plaintiff with a copy of Exhibit 1 on September 22, 2023. At no time before filing his response to the County Defendants' motion to dismiss did Plaintiff confer with the County Defendants regarding the authenticity of the document. Further, Plaintiff cited his conditions of probation in his subsequent FAC.

While the County Defendants' position remains the same – that the court record should be considered by the Court – the County Defendants will defer to the Court on this issue. Should the Court decide to exclude this exhibit, the County Defendants' argument remains fully supported, as argued in their motion to dismiss.

### *D. Claims against Cheryl Nelson*

The County Defendants stipulate on the record that Defendant Nelson retired from her employment with Multnomah County on or about August 30, 2021, and Defendant Nelson had no role in supervising Plaintiff after her retirement. For these reasons, the County Defendants agree the Plaintiff should dismiss Defendant Nelson from this lawsuit.

### *E. Plaintiff fails to state facts sufficient to establish state or constitutional claims upon which relief may be granted*

#### 1. Plaintiff fails to state facts sufficient to establish the County Defendants violated Plaintiff's Due Process rights.

Plaintiff argues that he does not base his constitutional violation upon a violation of the Compact, but rather on Defendants Nelson and Johnson's "conduct depriving 'Plaintiff of his liberty interest and of fundamentally fair probation proceedings when they violated his probation



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

and sought his revocation without a notice of the formal charge, without conducting a probable cause hearing on the violation in the State of Oregon, and without giving Plaintiff the opportunity for Plaintiff to obtain counsel and present evidence.'" (ECF 26, p. 11).[2] However, Plaintiff fails to allege facts to support the grounds upon which the relief Plaintiff is seeking is based, specifically, Plaintiff fails to allege facts to establish a constitutional violation.

The County Defendants have not argued that Plaintiff's due process claims are based on a Compact violation. Rather, that the Compact and related case law have determined that an offender subject to retaking is entitled to a level of due process less than those subject to revocation because "[o]ffenders subject to retaking enjoy Compact transfers purely as an exercise of discretion by the sending state." ICAOS Advisory Opinion 2-2005.

Plaintiff argues that the County Defendants ignore the relevant part of the aforementioned Advisory Opinion and relies on the portion of the Opinion that contends that:

> In *California v. Crump*, 433 A.2d 791 (N.J.Super.Ct.App.Div. 1981), for example, the court held that before an offender could be returned to the sending state pursuant to the ICPP, the trial court was required – considering the distance between California and New Jersey – to conduct an on-site probable cause hearing and determine whether a *prima facie* case of violation was established.

(ECF 36, p. 11).

/// /// ///

/// /// ///

---

[2] In Plaintiff's Response, Plaintiff misstates the County Defendants' argument in stating that the County Defendants' Motion to Dismiss argues that Plaintiff's "efforts to seek damages for the lawful supervision of his probation in accordance with the Complaint, fails." (ECF 36, p. 11). However, the County Defendants' position is that Plaintiff's "efforts to seek damages for the lawful supervision of his probation in accordance with the *Compact*, fails." (ECF 31, p. 18). (Emphasis added). While this misstatement was likely made in error, it is worth clarifying for the Court.



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

Plaintiff continues to cite this Opinion and emphasizes the following:

> Relying on *Morrissey* and *Gagnon*, the court held that due process requires some minimal inquiry be conducted at or reasonably near the place of the alleged violation as promptly as possible while information is fresh and sources are available. The court noted that, "It may be that evidence at the hearing will demonstrate that appellant at all times attempted to comply with the conditions of probation but was prevented from doing so by administrative confusion, as his attorney suggests. Or it may appear that appellant has been uncooperative and obdurate in performing his end of his bargain for liberty.

*Id.*

However, a complete reading of the Opinion establishes that "to the extent that any party relies upon *Gagnon* or *Morrissey v. Brewer*, 408 U.S. 471 (1972) for the proposition that offenders subject to retaking enjoy the same due process rights as offenders subject to revocation, such reliance is misplaced." *Id.* Plaintiff alleges that Defendants Nelson and Johnson withheld material information from Kansas, assumedly when Defendant Johnson submitted the requisite progress report. (ECF 36, p. 12). The information that Plaintiff cites as being material has not been pled to establish that the County Defendants ever had that information, nor does Plaintiff plead that the County Defendants were required to obtain or relay this information to Kansas, the sending state. Rather, ICAOS Rule 4.106 clearly does not require this type of information to be included in the receiving state's progress reports. (ECF 32, Ex. 4, p. 51). Plaintiff argues that information related to his then-girlfriend is relevant; however, the Compact requires supervision in the receiving state to be solely focused on the offender. Plaintiff was arrested by Portland Police Bureau, based on his unlawful conduct. Such conduct requires a receiving state to initiate a progress report for non-compliance to the sending state. *Id.*



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

Further, Plaintiff relies on *Clavette v. Persels* to support his position that Plaintiff was due a hearing in Oregon, the receiving state, regarding his probation violations. (ECF 36, pp. 14-19). However, Plaintiff misreads that case, as it in fact supports the County Defendants position. In *Clavette*, Plaintiff alleged the Oregon Department of Corrections and his supervising probation officers, Marjorie Martin and Dawn Persels, violated ICAOS when Plaintiff was arrested and incarcerated for refusing to sign a supervision plan in Washington state, the receiving state who was supervising Plaintiff's probation. *Clavette v. Persels*, No. 3:13-CV-0058-BR, 2013 WL 5940024, at *1 (D. Or. Nov. 4, 2013). The case came before the Court on cross-motions for summary judgment. Defendant Persel moved for summary judgment on Plaintiff's § 1983 claims on the grounds that: (1) individuals do not have a right of action under 42 U.S.C. § 1983 to enforce the provisions of the ICAOS, (2) Plaintiff did not have a right to a probable-cause hearing in Oregon, and (3) sovereign immunity bars a damages award against Defendant in her official capacity. *Id.* at *3. Plaintiff moved for summary judgment on the ground that he was entitled to a probable-cause hearing under ICAOS as a matter of law before he was retaken. *Id.*

The Court in *Clavette*, adopted the Third Circuit's reasoning in *Doe v. Pennsylvania Board of Probation and Parole*, 513 F.3d 95 (3d Cir. 2008), wherein the Court held that Plaintiff does not have a private right of action under § 1983 to enforce the provisions of the Interstate Compact because one cannot be inferred from it's terms. *Id.* at *3-4. The District Court relied on the Third Circuit's following analysis of this issue:

> Because the Compact does not manifest either expressly or indirectly an intent to create a federal right or remedy, we hold that the Compact itself does not create an enforceable right. The language of the Compact itself creates rights for the various states who are signatories to it. It does not create rights for probationers



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

> or parolees. Notably, the title under with Congress approved the Compact – "An act granting the consent of Congress to any two or more states to enter into agreements or compacts for cooperative effort and mutual assistance in the prevention of crime and for other purposes" – supports our inference that Congress approved the Compact as a means of aiding the states in crime prevention, not as a vehicle to provide procedural rights for probationers and parolees.
>
> At the second point of inquiry, the Probation Compact regulates interactions among the states, delineating one state's rights and responsibilities to another….[T]he Compact … focuses upon the State entities regulated by the standards, "rather than the individuals protected." *Sandoval*, 532 U.S. at 289, 121 S.Ct. 1511. The Compact, we conclude, creates "no implication of an intent to confer rights on a particular class of persons." *Id.*
>
> Lastly, the Compact has no mechanism by which to enforce the alleged "rights" of probationers or parolees. The Compact mentions neither court adjudication nor administrative proceedings. These omissions further lead us to conclude that Congress did not intend to create an enforceable federal right for probationers or parolees under this Compact.

*Id.*

Plaintiff contends that he is not bringing his due process claim based on violations of ICAOS rules, but rather for violations by the conduct of the County Defendants. (ECF 36, p. 14). Plaintiff's claim is one that alleges that Defendants' conduct were *ultra vires*, or in excess of delegated authority. (ECF 29).

Plaintiff has failed to plead sufficient facts to state an *ultra vires* claim. A claim that a state official acted *ultra vires* cannot be premised on a mere allegation that the official behaved wrongfully; instead, "a state officer may be said to act *ultra vires* only when he acts 'without any authority whatever.'" *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 n.11 (1984). "An officer acts *ultra vires* when the officer is not doing the business which the sovereign has empowered him to do or he is doing it in a way which the sovereign has forbidden." *Robinson v.*



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

*Salazar*, 885 F.Supp. 2d 1002, 1029 (E.D. Cal. 2012) *aff'd sub nom. Robinson v. Jewell*, 790 F.3d 910 (9th Cir. 2015). "*Ultra vires* claims rest on the official's lack of delegated power." *United States v. Yakima Tribal Court*, 806 F.2d 853, 860 (9th Cir. 1986).

Plaintiff alleges in his FAC that Defendant Johnson was "acting within the course and scope of her duties and employment as a peace officer and under color of state law at all times." (ECF 29). Plaintiff also alleges that "Plaintiff's probation was transferred to the State of Oregon to be supervised by PO Johnson, PO Nelson and the County pursuant to the Compact." *Id.* Plaintiff further alleges that Defendant Johnson "modified the terms of Plaintiff's probation without a hearing or notice to Plaintiff," that Defendant Johnson initiated "probation revocation proceedings," "imposed the condition that Plaintiff have no contact with Hinkle," "submitted a Compact Violation Report," among other things. *Id*. Plaintiff's FAC articulates that the County Defendants possessed a colorable basis for the exercise of authority. *Treasure Salvors, Inc.*, 458 U.S. 670, 716, 102 S. ct. 3304 (1982) (Stevens, J., concurring) ("A colorable basis for the exercise of authority by state officials may not ultimately be a valid one, but it does serve [to defeat a claim of *ultra vires* conduct]."). Therefore, Plaintiff has not adequately stated an *ultra vires* claim and his due process claims should be dismissed. Further, Plaintiff's failure to plead an *ultra vires* claim also renders him unable to plead facts sufficient to establish his claims that the County Defendants acted outrageously or that the County Defendants engaged in malicious abuse of process.

**2. The County Defendants withdraw their motion to dismiss on the issue of whether Plaintiff has properly pled timely notice, as required under OTCA.**

Viewing Plaintiff's FAC in the light most favorable to Plaintiff, Plaintiff has alleged that he provided the County Defendants with timely notice as required under OTCA; however, the



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

County Defendants do not concede this to be true. The County Defendants will withdraw its motion to dismiss on this issue, as it is likely a more appropriate issue to be raised in a motion for summary judgment.

## IV. PLAINTIFF SHOULD NOT BE GIVEN AN OPPORTUNITY TO REPLEAD

Plaintiff asks for the opportunity to amend his FAC. (ECF 36, p. 15). Plaintiff originally filed his claim in state court and amended said complaint, which is the current operative pleading at issue in this motion. Even with direction from the Court regarding deficiencies with his claims, Plaintiff still fails to allege any plausible claim upon which relief can be granted. Further leave to amend would be futile.

## V. CONCLUSION

For the foregoing reasons, the County Defendants respectfully request that this Court grant their motion to dismiss and dismiss this case against the County Defendants in its entirety with prejudice.

DATED this 29th day of November, 2023.

Respectfully submitted,

JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON

/s/ Veronica R. Rodriguez

Veronica R. Rodriguez, OSB No. 181818
Assistant County Attorney
*Of Attorneys for Multnomah County, Jocelyn Johnson, and Cheryl Nelson*



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138