JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON
Veronica R. Rodriguez, OSB No. 181818
Assistant County Attorney
Multnomah County Attorney
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214
Telephone: (503) 988-3138
Facsimile: (503) 988-3377
E-mail: veronica.rodriguez@multco.us
*Of Attorneys for Multnomah County and Jocelyn Johnson*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| JASON MCGREW, individually,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PORTLAND, MULTNOMAH COUNTY, NOAH HARDING, in his individual capacity, JONATHAN IANOS, in his individual capacity, CHERYL NELSON, in her individual capacity, JOCELYN K. JOHNSON, in her individual capacity,<br><br>Defendants. | No. 3:23-CV-01082-HZ<br><br>DEFENDANTS MULTNOMAH COUNTY AND JOCELYN JOHNSON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT<br><br>JURY TRIAL DEMANDED |

In Answer to Plaintiff's Second Amended Complaint ("SAC"), Defendants Multnomah County ("Defendant Multnomah County") and Jocelyn Johnson ("Defendant Johnson") (collectively, "County Defendants") admit, deny, and allege as follows:

**JURISDICTION AND VENUE**

1.

As to paragraph 1, County Defendants admit that Plaintiff's claims as alleged in his SAC are asserted under 42 U.S.C. § 1983, contain state law tort claims that are subject to the Oregon Tort Claims Act, codified at Or. Rev. Stat. §§ 30.260, *et seq.*, and that Plaintiff requests recovery of attorneys' fees pursuant to 42 U.S.C. § 1988.

2.

As to paragraph 2 and 4, County Defendants admit venue and jurisdiction are proper, but deny the remainder of the paragraphs.

3.

As to paragraph 3, County Defendants admit that this case was removed to this Court on July 25, 202, not on July 26, 2023, and admit the remainder of the paragraph.

4.

As to paragraph 5, County Defendants are without knowledge of whether on or about September 24, 2021 and on January 26, 2022 written notice of this claim was provided to the City of Portland and therefore, deny the same. As to the remainder of paragraph 5, County Defendants deny.

5.

As to paragraphs 6 through 8, County Defendants deny.



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

**THE PARTIES**

6.

As to paragraph 9, County Defendants are without knowledge of whether Plaintiff is a resident of Multnomah County and therefore deny the same.

7.

Paragraphs 10 through 13 are directed solely at Defendants City of Portland, Noah Harding and Johnathan Ianos (collectively, "City Defendants"). As such, those paragraphs do not require nor call for responses from the County Defendants, but to the extent that responses are required from the County Defendants, then the County Defendants deny them all.

8.

As to paragraph 14, County Defendants admit that, at all material times, Defendant Multnomah County was a duly organized municipal corporation and that Defendant Multnomah County supervised adult probationers in Multnomah County, including Plaintiff and other probationers serving probation pursuant to the Interstate Compact for the Supervision of Adult Offenders ("the Compact"); however, County Defendants deny the remainder of the paragraph.

9.

As to paragraphs 15, County Defendants admit that at all material times alleged in Plaintiff's SAC, Defendant Johnson is, and was, a probation officer employed by the County Defendant and was acting within the course and scope of her duties and employment as a peace officer and under color of state law.

/ / / /

/ / / /



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

10.

As to paragraph 16, as Cheryl Nelson has been dismissed from this matter, no response is required from County Defendants. To the extent that a response is required from County Defendants, the County Defendants deny.

11.

As to paragraph 17, County Defendants admit that Defendant Johnson is named in her personal and individual capacity; however, deny the remainder of the paragraph.

**FACTUAL ALLEGATIONS**

12.

As to paragraph 18, County Defendants admit that Plaintiff was placed on probation in Geary County, Kansas and that Plaintiff's probation was transferred to the State of Oregon to be supervised by Defendant Multnomah County pursuant to the Compact. County Defendants deny the remainder of the paragraph.

13.

As to paragraph 19, County Defendants admit that in June of 2021, County Defendants transferred Plaintiff to low level supervision. County Defendants deny the remainder of the paragraph.

14.

As to paragraphs 20 and 21, County Defendants deny.

15.

As to paragraphs 22 through 42 are directed solely at City Defendants. As such, those paragraphs do not require nor call for responses from the County Defendants; however, to the



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

extent that responses are required from the County Defendants, the County Defendants deny them all.

16.

As to paragraph 43, County Defendants admit that, as a result of an arrest by Portland Police Bureau ("PPB"), Plaintiff was booked into a Multnomah County jail. County Defendants deny the remainder of the paragraph.

17.

As to paragraphs 44 through 52, County Defendants lack sufficient information or knowledge to admit the allegations and thereby deny them.

18.

As to paragraph 53, County Defendants deny.

19.

As to paragraph 54, County Defendants admit that Defendant Johnson directed Plaintiff to have no offensive contact with Hannah Hinkle. County Defendants deny the remainder of the paragraph.

20.

Paragraph 55 does not require nor call for responses from the County Defendants; however, to the extent that responses are required from the County Defendants, County Defendants are without sufficient information or knowledge and therefore deny the same.

21.

As to paragraphs 56 and 57, County Defendants deny.

/ / / /

/ / / /



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

22.

As to paragraph 58, County Defendants admit that revocation of Plaintiff's probation could include Plaintiff being retaken by Kansas, the sending state. County Defendants deny the remainder of the paragraph.

23.

As to paragraph 59, County Defendants admit that Defendant Johnson directed Plaintiff to have no contact with Hinkle on or about August 23, 2021, not September 30, 2021. County Defendants admit that, on or about September 30, 2021, Defendant Johnson submitted a revocation report ("revocation report") to the sending state, Kansas, requesting that Kansas retake Plaintiff. County Defendants deny the remainder of the paragraph.

24.

As to paragraphs 60-62, County Defendants deny.

25.

As to paragraph 63, County Defendants admit that Kansas received the revocation report and admit that, on October 6, 2021, Kansas responded to the revocation report, stated it was retaking Plaintiff and directed him to report to the Kansas office on October 15, 2021. County Defendants admit that Defendant Johnson notified Plaintiff of Kansas' retaking. County Defendants admit that Kansas' retaking of Plaintiff was done without a formal hearing. County Defendants deny the remainder of the paragraph.

26.

As to paragraph 64, County Defendants admit that Kansas' retaking of Plaintiff was done without a formal hearing. County Defendants deny the remainder of the paragraph.

/ / / /



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

27.

As to paragraph 65, County Defendants admit that Kansas responded to the revocation report, stated it was retaking Plaintiff, and directed him to report to the Kansas office on October 15, 2021. County Defendants deny the remainder of the paragraph.

28.

As to paragraph 66, County Defendants deny.

29.

As to paragraph 67, County Defendants lack sufficient information or knowledge to admit the allegations and thereby deny them.

30.

As to paragraph 68, County Defendants admit that Plaintiff was arrested on or about October 6, 2022 and that Plaintiff was released on or about October 22, 2022. County Defendants deny the remainder of the paragraph.

31.

As to paragraphs 69 and 70, County Defendants deny.

**COUNT ONE**
**UNCONSTITUTIONAL SEIZURE, EXCESSIVE FORCE, AND WRONGFUL ARREST BY OFFICERS IANOS AND HARDING IN VIOLATION OF 42 U.S.C. §1983**

32.

As to Count One, paragraphs 71 through 78, all claims and allegations are directed to City Defendants and thereby do not require nor call for responses from County Defendants. To the extent that responses are required from County Defendants, the County Defendants deny them all.

/ / / /



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

**COUNT TWO**
**NEGLIGENCE AGAINST THE CITY**

33.

As to Count Two, paragraphs 79 through 82, all claims and allegations are directed to City of Portland Defendants and thereby do not require nor call for responses from County Defendants. To the extent that responses are required from County Defendants, the County Defendants deny them all.

**COUNT THREE**
**ASSAULT AGAINST THE CITY**

34.

As to Count Three, paragraphs 83 through 89, all claims and allegations are directed to City of Portland Defendants and thereby do not require nor call for responses from County Defendants. To the extent that responses are required from County Defendants, the County Defendants deny them all.

**COUNT FOUR**
**BATTERY AGAINST THE CITY**

35.

As to Count Four, paragraphs 90 through 97, all claims and allegations are directed to City of Portland Defendants and thereby do not require nor call for responses from County Defendants. To the extent that responses are required from County Defendants, the County Defendants deny them all.

/ / / /

/ / / /

/ / / /



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

**COUNT FIVE**
**FALSE ARREST AGAINST THE CITY**

36.

As to Count Five, paragraphs 98 through 104, all claims and allegations are directed to City of Portland Defendants and thereby do not require nor call for responses from County Defendants. To the extent that responses are required from County Defendants, the County Defendants deny them all.

**COUNT SIX**
**INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS AGAINST THE COUNTY**

37.

As to Count Six, paragraph 105 does not require nor call for responses from County Defendants.

38.

As to paragraph 106 through 110, County Defendants deny all allegations.

**COUNT SEVEN**
**UNCONSTITUTIONAL SEIZURE AND MALICIOUS PROSECUTION UNDER THE FOURTH AMENDMENT AGAINST DEFENDANT JOHNSON IN VIOLATION OF 42 U.S.C. §1983**

39.

As to Count Seven, paragraph 111 does not require nor call for a response from County Defendants.

40.

As to paragraphs 112 through 119, County Defendants deny all allegations.

/ / / /

/ / / /



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

**COUNT EIGHT**
**VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTHAMENDMENTS AGAINST DEFENDANT JOHNSON IN VIOLATION OF 42 U.S.C. §1983**

41.

As to Count Eight, paragraph 120 does not require nor call for a response from County Defendants.

42.

As to paragraphs 121 through 124, County Defendants deny all allegations.

**AFFIRMATIVE DEFENSES**

BY WAY OF FURTHER ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION, DEFENDANTS ALLEGE AS FOLLOWS:

**FIRST AFFIRMATIVE DEFENSE**

**(No Constitutional Violation)**

43.

The actions or inactions of County Defendants do not constitute any constitutional violations.

**SECOND AFFIRMATIVE DEFENSE**
**(Qualified Immunity)**

44.

Plaintiff's claims for damages under 42 U.S.C. § 1983 are barred as to Defendant Johnson because a reasonable probation officer would not be aware that his or her actions violated Plaintiff's clearly established constitutional rights.



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

**THIRD AFFIRMATIVE DEFENSE**

**(Oregon Tort Claims Act)**

45.

Plaintiff's state law claims, if any, are subject to the conditions, limitations and immunities contained in the Oregon Tort Claim Act, ORS 30.265 *et seq.*

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

46.

Plaintiff's claims should be dismissed in part or in whole to the extent it fails to set forth a claim for which relief can be granted.

**FIFTH AFFIRMATIVE DEFENSE**

**(Discretionary Immunity)**

47.

Plaintiff's claims for relief are based upon the County Defendants' alleged performance of/or failure to exercise or perform discretionary functions or duties. County Defendants are immune from liability from Plaintiff's claims pursuant to ORS 30.265(6)(c).

**SIXTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages Available Against Public Body and its Officers)**

48.

Plaintiff is barred from seeking punitive damages pursuant to ORS 30.269(1).



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

**SEVENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

49.

With respect to all of Plaintiff's claims, all actions and events occurring outside the statute of limitations are barred.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

50.

Plaintiff's damages, if any, were caused in whole or in part by Plaintiff's own conduct and/or negligence. The County Defendants are therefore entitled to a comparison of fault between them and Plaintiff, and have any damages award reduced accordingly.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

51.

Plaintiff's damages, if any, were caused in whole or in part by Plaintiff's failure to reasonably mitigate his damages, which bars or limits any recovery from County Defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Additional Defenses)**

52.

County Defendants reserve the right to raise additional defenses that may become apparent during the course of discovery.

/ / / /

/ / / /



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

WHEREFORE, County Defendants pray as follows:

1. That Plaintiff's *Plaintiff's Second Amended Complaint* be dismissed with prejudice in its entirety;

2. That County Defendants recover their reasonable costs and disbursements incurred herein as well as reasonable attorney fees pursuant to 42 U.S.C. § 1983;

3. That County Defendant be granted such other and further relief as may be just and equitable.

DATED this 1st day of March 2024.

Respectfully submitted,

JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON

/s/ Veronica R. Rodriguez
Veronica R. Rodriguez, OSB No. 181818
Assistant County Attorney
*Of Attorneys for Multnomah County and Jocelyn Johnson*



Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138